DANIEL KENT's Adm'rs. *vs.* THOMAS LYLES.—*June* 1835.

K alleging that he was in possession of the acceptance of L, upon an account of I for $118,22 for work done by him, requested L to pay it, who refused, alleging that he was then under an acceptance on account of the same work, of an order drawn on him by B, in the name of I & B, which he should have to pay if the partnership was proved. K then told L, if he would promise to pay him the amount, he would indemnify him against the claim of B, and if he ever had any thing to pay, he would pay him $500. L then proved the recovery of a judgment against him by K for $118,22, and the payment of it, and that judgment had been also recovered against him upon the order of B, of which he had paid $102,12 for the debt and costs, and that K had offered to L to pay him the difference between the order of B and the plaintiff's note to K, and had tendered the same before K brought his suit against L. In an action by L against K upon an agreement to indemnify him, *it was held,* that the giving a note by L to K, was a sufficient consideration for the contract to indemnify.

Where a judgment was entered up against an administrator *de bonis propriis,* which should have been *de bonis testatoris si non &c.,* this court will allow an amendment of the judgment, and thus amended, permit the judgment to stand.

APPEAL from CALVERT County court.

ASSUMPSIT by the appellee against the appellants, instituted March 24th 1828. Pleas *non assumpsit,* and limitations. At the trial the plaintiff proved, that some time in the year 1821 or 1822, the witness was keeping store in *Lower Marlborough,* and that upon one occasion the plaintiff, and *Daniel Kent,* (the intestate of defendant) met at his store, when

*Kent*, told the plaintiff he had his acceptance for the work done by *John H. Breeze* for him.   This the plaintiff denied, and *Kent* then left the store, and afterwards returned, bringing with him a paper writing, purporting to be an account for work done, upon which there was written, " order of *John H. Breeze,* and the figures 118,22," and the words " due *M. Breeze* as per settlement,"—accepted *Thos. Lyles*—that *Kent* was very urgent and pressing with the plaintiff, that he should pay him the amount of the order.   That the plaintiff refused, alleging he was then under an acceptance on account of the same work, of an order drawn on him by *Brooks B. Breeze,* in the name of *John H. and Brooks B. Breeze,* which he should have to pay, if the partnership between them was proved ; and that *Kent* then told the plaintiff, that if he the plaintiff, would promise to pay him the said amount, he would indemnify him, against the claim of *Brooks B. Breeze,* and proved that during the same conversation, said *Kent,* still pressing plaintiff for his money, told him, that if he ever had any thing to pay on that score, he would pay him five hundred dollars, and that plaintiff appeared more disposed to yield to *Kent's* request upon that assurance, when the witness left the store, but that nothing had been done, as to signing a note, or any thing of that description, nor had any assent been then given by the plaintiff.   Subsequently, when the case upon *Brooks B. Breeze* order was under trial, the witness had a conversation with *Kent,* and when the witness spoke of his promise to indemnify the plaintiff, *Kent said,* he did not recollect it, or that the witness must have misunderstood him, to which the witness replied, that he had a perfect, and distinct recollection of the circumstance, when the conversation dropped.

The plaintiff then proved by the production of the record, the recovery of a judgment against him by *Kent,* for $118,22, and the payment of the same, with interest, and costs on the 8th of October 1827.   And then proved, that suit had been brought, and judgment recovered against him, upon the order of *Brooks B. Breeze,* of which he had paid $102,12 for the

debt and costs; and the plaintiff further proved, that in a conversation between *Kent*, the plaintiff, and the witness, in 1826 or 1827, it was stated by *Kent*, that the plaintiff had offered to pay him the difference between the order of *Brooks B. Breeze*, and his (the plaintiffs) note to *Kent*, and had tendered the same before *Kent* brought his suit. The defendant upon the preceding evidence, prayed the court to instruct the jury, that if they should be of opinion from the evidence, that the plaintiff agreed to give his note to *Kent*, for the amount for which the order and acceptance was given, upon condition that *Kent* would indemnify the plaintiff, against any claim which *Brooks B. Breeze* might recover against him; or that he would pay him $500, if said *Breeze* should recover any thing from him on that account, that such promise and assumption (*by Kent*) was void for want of consideration; and that it was also void under the statute of frauds, and cannot be enforced. The court (*Kilgour* and *Wilkinson* A. J's.) refused to give the instruction, and the defendants excepted, and the verdict, and judgment being against them, they prosecuted the present appeal. The judgment as it appeared in the transcript sent to this court, was *de bonis propriis*.

The cause was argued before ARCHER, DORSEY, and CHAMBERS, Judges.

BREWER for the appellants contended,

1. That there was no consideration for the promise by *Kent* to the plaintiff. The defendants prayer does not proceed upon the supposition, that the note was actually given, but upon the *agreement* to give one, of which there is no evidence. And when the order was produced by *Kent*, the plaintiff did not deny his acceptance, but defended himself upon the ground that he had given another acceptance. Having an acceptance, the note from plaintiff to *Kent* was useless,—it was of no service to him, and could not be injurious to the plaintiff.

2. The judgment should have been *de bonis testatoris*, and

not *de bonis propriis*, and the objection may now be made, notwithstanding the act of 1825, which only applies to proceedings before judgment. *Sasscer vs. Walker's Ex'rs.*, 5 *Gill and Johns*. 102.

The defendants had no opportunity of moving in arrest of judgment, because, until it was actually entered, its character could not be known, nor any opposition made to it.

JOHNSON for the appellee.

1. The administrators admit assets by the form of the pleadings, and therefore, whether the judgment is erroneous in point of form or not, is immaterial. The questions presented by the issues were, did the defendants intestate make the promise alleged, or having made it, was the recovery barred by limitations. If however the judgment is wrong, the court below might have corrected it, and so may this court, under the act of 1809, ch. 53, sec. 2.

2. There was a sufficient consideration for the promise. Neither the note, nor acceptance are in the record, and of course the court cannot know, when they arrived, or were to arrive at maturity. If the time of payment was shortened by the note, that is, if the note was to fall due, before the acceptance, such acceleration of payment, of itself, would constitute an adequate consideration for *Kent's* promise to indemnify the plaintiff. Two orders had been drawn on the defendant for the same debt, and in paying one, he was entitled to indemnity against the other.

If, however, there had been no evidence the court were right in rejecting the defendants prayer, which was founded upon the assumption of evidence, and upon that assumption asked the court to announce a legal conclusion against the right of the plaintiff to recover. The court is never bound to grant a prayer based upon evidence which has no existence.

ARCHER Judge, delivered the opinion of the court.

Treating the prayer upon which the instruction of the court was given, as one intended to elicit from the court an opinion,

that if the jury found the note was actually given, there was no consideration for the agreement, as it is probable may have been the intention in presenting the prayer, we shall proceed to the examination of that question.

It has been urged that the defendant had already the acceptance of the plaintiff, and that the taking from the plaintiff a note, for the acceptance, which was of no higher dignity than the acceptance, there could grow out of such a transaction no consideration. But it must be recollected, supposing the acceptance to have been signed by the plaintiff, that serious embarrassments and difficulties might attend its recovery, for the plaintiff had outstanding another acceptance growing out of the same transaction, which it appears was also claimed from him, and he in the origin accordingly protested against any independent assumption to pay the defendant, alleging, that if a partnership were proved to have existed between *John and Brooks B. Breeze*, he might also have to pay the acceptance made by him on the draft of the firm. It turned out in fact that the plaintiff had to pay the draft drawn upon him in the name of the firm, and the defendant had therefore an interest in getting the promise of *Lyles* in writing, and of surrendering the acceptance, so that he might be in no difficulty growing out of the conflicting claims of *John Breeze*, and of the firm of *John and Brooks B. Breeze*. It does not seem even to have been admitted that the alleged acceptance was genuine. Under all these circumstances of dispute, and anticipated difficulty in relation to the recovery on the acceptance, the adjustment of them all, by the giving of a note for the amount claimed by the defendant, certainly furnished a sufficient consideration for the agreement to indemnify.

But the existence of the acceptance in favor of the defendant by *Lyles*, is not established. The acceptance does not appear in the bill of exceptions, and it is not admitted, but denied. In the absence then of an acceptance, the giving of a note for the amount which *Lyles* owed to *Breeze*, certainly furnishes a good consideration for the agreement.

The prayer however, is not that the note furnished no consideration for the agreement, but that the *agreeing* to give a note constituted no consideration.

If the note were the subject matter in controversy, the prayer was irrelevant, and therefore properly rejected by the court, and could only have been calculated to mislead the jury. The matter for enquiry was the consideration of the note, which consummated the arrangements of the parties, and not of the mere agreement which led to the execution of the contract. In every view of the question, we think the court were right in rejecting the prayer of the appellant.

The judgment of the court below instead of an absolute judgment, should have been a judgment *de bonis intestatoris, si, non de bonis propriis.*

This court according to the authority of the case of *Duvall. vs. Wells*, 4 *Harr. & McHen.* 163, and *Fisher vs. State use Johnson*, 1 *H. & J.* 416, might award a writ of diminution, so that the effect of the judgment, pending the writ of error, might be corrected below.

Without however resorting to this course, which would be productive of delay, we shall proceed to allow an amendment of the judgment as was done in *Ree vs. Morgan*, 3 *Term Rep.* 350.

The amendment will accordingly be made, and the judgment stand.                          JUDGMENT AFFIRMED.