# THOMAS J. HANDY *vs.* BENJAMIN T. MADDOX AND ROBERT J. MADDOX.

*Holidays—February 22 not a Dies Non—Oyster Lots—Locations— Notice to Riparian Owners.*

The twenty-second of February is a legal holiday, under Code, Art. 13, sec. 9, as to the payment of bills and notes, etc., but in other respects it is a voluntary holiday.   It is not a *dies non juridicus*, and legal acts may be done on that day.

The Act of 1894, chap. 380, sec. 46, provides that any citizen of the State may locate and appropriate in certain of the waters of the State one lot of five acres for the purpose of planting oysters, provided thirty days notice of the location shall be given to the owner or occupant of land bordering on the waters proposed to be located, so that he may have priority of claim if he chooses to exercise the right. Defendants located lots in a stream at a point, where the nearest shore was vacant and unoccupied land, and posted notices of their intention to locate for thirty days on that shore.   Plaintiff, a riparian owner, but one whose land was not nearest to the lots subsequently made the same locations.   *Held*, that it was only necessary for the defendants to give notice of the proposed location to the nearest riparian owner, without regard to the channel, and not to all the owners; that if the nearest land was without an owner then no notice was necessary; that if there was an owner thereof, but the land was vacant and unoccupied, then the posting of notices thereon was sufficient; that the defendants' locations were made in conformity with statute, and being prior in point of time to those of the plaintiff are valid.

Appeal from a decree of the Circuit Court for Somerset County (PAGE, C. J.), dismissing the appellant's bill of complaint.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, ROBERTS, BOYD and RUSSUM, JJ.

*Thos. S. Hodson*, for the appellant.

*Gordon Tull* (with whom were *H. Fillmore Lankford* and *Clarence P. Lankford* on the brief), for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The motion to dismiss this appeal cannot prevail. It is apparent from the record and the proof filed in the case, that the appellants are not responsible for the delay in transmitting the transcript of this record. The motion to dismiss will therefore be overruled.

We have carefully examined this case, and will affirm the order appealed from for the reasons given by the Judge below, in the following opinion :

"The bill alleges that in February, 1868, the plaintiff located a certain oyster lot in the waters of East Creek, in Somerset County, and ever since has used the same for the purpose of planting oysters thereon ; and that on the 17th of April, 1895, ' by way of abundant caution,' he relocated the said lots, as appears by exhibit filed with the bill ; that on the 22nd February, 1895, the defendants 'attempted to locate upon the aforesaid lot,' two oyster lots, and since then have prevented the plaintiff from working his oysters and shells upon his lot, and otherwise interfered with the plaintiff's alleged ownership. The complainant prays for an injunction to prevent the intermeddling of the defendants with said oyster lots ; that the locations of the defendants may be declared null and void, and for general relief. The preliminary injunction having issued, the defendants answered, and after testimony was taken the case was heard on argument.

"The answer of the defendants alleges : 1st. That the defendants located their lots on the 4th of May, 1891, under the laws then in force, with the knowledge, acquiescence and agreement of the plaintiff, and immediately went into the possession thereof, and have ever since used them for all the purposes to which they are adapted. That after the passage of the Act of 1894, ch. 380, each located his respective lot according to the provisions of that Act. That the shore on the east side of East Creek, opposite the lots in question, was then vacant land, but in order to comply with the provisions of the 46th section of the Act of 1894,

notices were posted on the shore of their intention to ap-
propriate the water for the purposes of an oyster lot after
the expiration of thirty days.   That the lots in question are
opposite and nearest to the land on which the notices were
posted ; and on the east side of the channel (if there be any),
are not opposite nor nearest to any land owned by the plain-
tiff, who is therefore not entitled to notice of the defendants'
intentions to locate.

" The defendants therefore allege : 1st.  That the right of
the parties must be determined by the provisions of the Act
of 1894, ch. 380.   2nd.  That the defendants' locations were
made according to the provisions of that law.   3rd.  That
their locations being first in time, are first in right, and the
plaintiff's locations so far as they conflict with those of the
defendants, are null and void ; and, 4th.  That therefore the
complainant is not entitled to the relief prayed for, and the
injunction should be dissolved and the bill dismissed.

" That the rights of the parties must be determined by
the provisions of the Act of 1894, was not denied at the
argument, and we are of opinion must be conceded.   This
was conclusively settled by the decision of *Hess* v. *Muir*, 65
Md. 599.   (See also opinion of ALVEY, J.)   Nor can it be
successfully controverted, that if the rights of the parties
depend upon the provisions of this Act, the locations of the
defendants, being first in point of time, must take preced-
ence over that of the plaintiff, provided such locations were
made in conformity with that Act ; and this must be the
case whether the plaintiff's location under the Act of 1894
was regular or not.

" Let us first inquire whether the defendants' locations
are valid.   They were made on the 22nd February, 1895.
The complainant's counsel insist that this was a *dies non*,
and for that reason the location must fail.   We have been
furnished with no authority directly sustaining the position.
There is no law forbidding work of any kind to be done on
the 22nd February.   The day is established by the 9th
sec. of Art. 13 of Code, as a legal holiday ; but by the

terms of the Act it is only, 'As regards the presenting for payment or acceptance, &c., of bills of exchange, bank checks, &c.,' that it is to be treated and considered as Sunday. It is unnecessary to examine whether an act of this kind would be invalid if done on Sunday. The 22nd of February is a voluntary holiday, and we perceive no reason (none has been furnished us) why an act done on that day is not quite as effective as if done on any other day. *Richardson* v. *Goddard*, 23 How. (U. S.) 28.

" It is further insisted that the locations of the defendants are void, because the notice of an intention to locate was not given as required by law ; and the complainant contends, first, that he was entitled to be notified ; or second, if he was not, that the owner of Brant's Point was ; or third, that however that may be, that the notice to the owner of Beach Point was insufficient. We do not deem it necessary to determine here how far the absence of notice would vitiate a location, except as against a party legally entitled to the notice, or (to apply the statement to the facts of this case) whether Handy would have any standing in Court to complain that the notice had not been served on some one else. If the provision for notice was inserted only for the purpose stated in the law, viz : 'That the owner or occupant (of the adjoining shore) may have priority of claim,' it seems difficult to understand how one, who under no circumstances could have 'priority of claim,' has any concern about the matter. But of this we express no opinion whatever.

" Have the defendants failed to give the notice? To properly reply to this inquiry, it is necessary to determine with some accuracy the position of the lots with reference to the stream in which they lie, and the adjacent shore. The general trend of East Creek is from south to north. The lots in question lie well over to the east side, close to Beach Point, the nearest land. To that point, from the extreme northwestern corner of the lot, the distance is only a few yards, and to the extreme northwestern corner it is 310 yards. The complainant's land lies to the northwest, and

is distant from the nearest point of the lots 408 yards; and the residue of each of the lots lies still further along. To Brant's Point, lying to the southwest, the distance is 491 yards. Immediately across East Creek to the west is Indian Hammock Cove, and to the east, only a few yards distant, is Beach Point. It will thus be seen that Handy owns no land opposite or nearest to the lots in question; and the same remark may be made as to the owner of Brant's Point. If 'oppositeness' or proximity be the test by which is to be determined who ought to receive the notice from the defendants, then clearly Handy must be regarded as having no interest in the matter different from that of any other person in the community. And this was not seriously denied by the counsel for complainant at the argument. To meet the difficulty two theories have been advanced: 1st. That the notice must be given to the owners on both shores; and 2nd. That the right of an owner or occupant having the priority of location extends to the channel. It is upon the determination of these rather inconsistent theories that this case must rest. Without considering them *seriatim* it will be as well, probably, to endeavor to fix what is the meaning of the statute.

"Sec. 46 of chap. 380, Acts of 1894, provides as follows: "The owner of any land bordering on any of the navigable waters of this State, the lines of which extend into and are covered by said waters, shall have the exclusive privilege of using same for protecting, &c., oysters within the lines of his own land; and any owner of land lying and bordering upon any of the waters of this State shall have power to locate and appropriate in any of the waters adjoining his lands one lot of five acres for the purpose of, &c.; and any male or female citizen of full age, of the county wherein he or she resides, shall have power to locate and appropriate and hold one lot of five acres and no more, in any waters in this State not located or appropriated; provided thirty days notice in writing shall be given the owner or occupant of land bordering on said

waters proposed to be located, that the owner or occupant may have priority of claim ; and if such owner or occupant shall fail to locate or appropriate the water mentioned in said notice within thirty days after receiving the same, it shall be open and free to any one under the provisions of this section ; provided, &c." By the 47th section the exclusive right is given to the owner in cases where a creek or cove not exceeding one hundred yards in breadth at its mouth makes into the land, or when the creek or cove becomes one hundred yards in width, " and in all such cases the right of the riparian proprietor shall extend to the middle of the creek, cove or inlet."

" It will be seen, therefore, that the right of priority is reserved to three classes of proprietors or occupants. 1st. The owner of land whose lines extend into the water has exclusive right within the lines of his land. This is a proprietary right, and probably exists without regard to the provisions of the statute. 2nd. Owners or occupants of land "lying and bordering" on the waters have priority in " any of the waters adjoining their lands." 3rd. When a cove or creek greater in width than one hundred yards at its mouth, makes into the land ; or when it becomes one hundred yards in width, the riparian proprietors have prior rights to the middle. The right of priority thus conferred is not an incident of the estate of the riparian proprietor ; it is a mere privilege, probably founded on the policy of enabling a person desirous of engaging in the business of oyster planting, an opportunity of having his place of business close to his residence, and thus secure to him the advantages naturally belonging to his property on the water side. It is in no sense like or analogous to the riparian rights of the common law or of our statute of 1862 ; by virtue of these, improvements made into the water, are attached to the land, and are an incident to the estate. The Act in question, however, is a regulation of the oyster fisheries of the State, and it is by virtue of the State's general power to regulate, improve and protect the public fisheries that it was passed.

" The principles therefore laid down in *Goodsell* v. *Lawson*, 42 Md. 348, have no bearing whatever upon the facts of this case. The priority of claim is given to any owner of land ' lying and bordering upon, &c.,' to appropriate one lot " in any of the waters adjoining his lands." His land must lie upon and border upon the water. The word " border " means "to approach," "to come near to," "to verge." It conveys the idea of immediate proximity. The employment of the two words, " lying and bordering," seems to emphasize this meaning. The land is not only to lie on the waters, but it is to border the waters " proposed to be located." There is nothing in the Act to limit or extend the meaning of these words, so as to make the channel a test of the right to priority of claim. But it does seem clear that the priority was meant for those whose lands lie on and are near to the water proposed to be located. If the stream is narrow, the right of persons on each side being the same, each right would extend to the middle. And in every case where the right exists it would belong to him whose lands, lying on the waters, are nearest to the proposed location. This construction would give to each proprietor the prior right in such waters as are nearer to his property than to that of any other person. It is also in harmony with the provisions of sec. 47, by which, in the smaller waters, each proprietor has the exclusive right of planting in those parts of the cove or inlet that are nearest to his property. If this be a correct interpretation of the statute, there was no obligation upon the defendants to notify either the complainant or the owner of Brant's Point of their intention to make the locations they did.

" The defendants allege in their answer, and the proof sustains the statement, that Beach's Point, the nearest land, was vacant at the time the lots were surveyed ; but that notwithstanding notices were placed on the shore, stating their intention to locate the lots within thirty days, and copies of the notices are filed among the proceedings before the examiner. If Beach's Point were vacant, without an

owner or occupant, it was not necessary to give any notice at all, from the fact that there was no one who had a prior claim.    On the other hand, if there was an owner unknown to the defendants, all that was within their power was to post the notice on the land.    In either view of the case, we think there was no such failure on the part of the defendants, as affects their title, or will furnish ground of complaint to the complainant.

"There were numerous exceptions to the evidence filed by respective counsel, and many other questions discussed at the argument.    We deem it unnecessary to pass specifically upon them, inasmuch as what has been said requires us to dismiss the bill."

*Decree affirmed with costs.*

(Decided April 1st, 1897).