HAVRE DE GRACE BANKING & TRUST CO. *v.*
MAUDE R. MITCHELL ET AL.

[No. 46, April Term, 1938.]

*Decided June 14th, 1938.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Lee I. Hecht* and *Lawrence W. Hecht,* for the appellant.

*John S. Young* with whom was *Michael W. Fahey* on the brief, for the appellees.

SHEHAN, J., delivered the opinion of the Court.

The Havre de Grace Banking and Trust Company recovered a judgment against Maude R. Mitchell on the 3rd day of March, 1931, for $9,676.40, with interest and costs. On the 17th day of March, 1932, an attachment was issued thereon and on that date the rights, credits, title, and interest of Maude R. Mitchell were attached in the hands of Maude R. Mitchell and Julian F. Mitchell, and Maude R. Mitchell and Julian Mitchell, administrators of the estate of Ralph M. Mitchell, deceased, were summoned as garnishees. This attachment was also laid in the hands of the Citizens' National Bank of Havre de Grace.

The purpose of the first attachment, as laid, was to

garnish the one-half of the commissions to which Maude R. Mitchell was or should become entitled to receive as co-administrator of the estate of Ralph M. Mitchell. These administrators filed three administration accounts, the first of which was approved and passed on the 22nd day of February, 1932, by the Register of Wills, in the absence and recess of the Orphans' Court of Harford County. In that account there was allowed commissions to the two administrators in the sum of $2,229.12, one-half of which, or $1,114.56, was the net share of the commissions of Maude R. Mitchell. It was shown in evidence, and the court below so found, that this amount was paid by the administrators to Maude R. Mitchell on the 22nd day of February, 1932, the day upon which this administration account was approved and passed by the Register of Wills.

Objections were filed to this account on April 7th, 1932, by the Havre de Grace Banking and Trust Company. On April 19th, 1932, the objections, with the exception of that relating to the funeral expenses, were overruled, and the account as stated was then affirmed. The Deputy Register of Wills testified that distribution and payments were made by the administrators on February 22nd, 1932, and he had personal knowledge of the payment of these commissions. The second administration account was not stated until March 6th, 1933, and the commissions allowed therein were $40.43, or $20.21 to Maude R. Mitchell, and the third administration account showed net commissions of $4.85, or $2.42 to Maude R. Mitchell, as her share, and this account was filed on May 6th, 1933.

It will be observed that the attachment was laid on March 17th, 1932, approximately twenty-four days after the first administration account was passed and commissions allowed and paid to the administrators for their services, but long before the second and third administration accounts were filed. It is obvious that ordinarily the commissions allowed in the first account, having been

paid before the attachments were laid, would not be affected by the attachment, and equally clear that the other commissions would be subject to the attachment, and this the lower court held, and rendered judgment accordingly.

The appellants question the legality of the first administration account because it was approved and passed on the 22nd day of February, 1932, a legal holiday. The statute, Code Pub. Gen. Laws, art. 13, sec. 9, designates the 22nd of February in each year to be a legal holiday, but this court has held, in *Handy v. Maddox,* 85 Md. 547, 37 A. 222, that this applies to the payment of bills and notes, checks, acceptances and the like, but in other respects it is a voluntary holiday. There is no law forbidding work of any kind to be done on that day. It is not a *dies nonjuridicus,* and therefore an act done on that day is as effective as if done on any other day. See also *Kelly v. Montebello Park Co.,* 141 Md. 194, 118 A. 600. The more important question is that relating to the validity of the approval and passage of this account by the Register of Wills. It is contended that the account, having been approved and passed only by the Register of Wills, the attachment is effectual against these commissions, for the reason that section 429 of article 13, volume 2, Public Local Laws (Flack), is unconstitutional. This section reads as follows: "The register of wills [for Harford County], during the recess of the Orphans' Court, shall have full power and jurisdiction to do all matters and things whatsoever which the said Orphans' Court could do at its regular sessions; and there shall be the same right of appeal from any order, decree or judgment of said register, as from the orders, decisions or judgments of said Orphans' Court."

If the act is unconstitutional, the order of ratification and approval by the Register of Wills is of no effect. The Orphans' Court, on the 19th day of April, 1932, acting upon the exceptions above referred to, approved and affirmed the ratification of the account as made by

the Register of Wills, with the exception above stated. It is contended by the appellant that this approval and ratification by the Orphans' Court is the only one that is effective, and having been done after the date of the attachment, the share of commissions allowed Maude R. Mitchell is subject to garnishment. This Act is of long standing and its operation and effect has been approved or recognized by cases in this court (*Maynadier v. Armstrong*, 98, Md. 175, 177, 56 A. 357; *Daugherty v. Daugherty*, 131 Md. 489, 102 A. 749); and its validity cannot now be questioned.

During the taking of testimony fourteen exceptions were reserved to rulings and remarks of the court in endeavoring to restrict the hearing to the issues. No facts on the plaintiff's behalf necessary to a proper adjudication appear to have been excluded, and no improper evidence was admitted. While the court in its explanations gave expression to its views on the case as it progressed, no prejudice from it could have resulted in the absence of a jury to be influenced. No error is therefore found in the actions excepted to.

After verdicts had been rendered and entered for the attaching creditor for the sums found available to the creditor, other than the commissions previously paid, that is, against the Citizens National Bank of Havre de Grace as garnishee for $22.99, and against the administrators as garnishees for $22.64, judgments were entered for the plaintiff accordingly, but with the addition of "judgments of *non pros.* for the defendant for costs," presumably because of the fact that the amounts so recovered were below the jurisdiction of the court in original suits *ex contractu*. These judgments were followed by judgments absolute for the plaintiff for the amounts, and judgments absolute for the defendants for costs. Disregarding irregularity in the form of the judgments, for cases in which judgments of *non pros.* would be proper, no such judgment would be proper here; the creditor, appellant now, was entitled to absolute judg-

ments for the amounts and costs. In attachments on judgments by way of execution, the jurisdictional limit has no application. *Griffith v. Insurance Co.*, 7 Md. 102. An exchange of motions followed, motions by the plaintiff in arrest of the judgments and to strike them out, and motions by the defendants that these be not received. Only the contentions previously made were advanced by the plaintiff, and the motions would require no discussion except that the irregularity in the entries of the judgments of *non pros.* was a subject of objection in them. The objection to that extent was well taken, and the judgments must be reversed and corrected. Proper judgments will be entered by this court under the authority of the Code, article 5, section 17. *Kent v. Lyles,* 7 G. & J. 73; *Roberts & Co. v. Robinson,* 141 Md. 37, 55, 118 A. 198.

> *Judgments reversed, the costs to be paid by the appellant, and absolute judgments of condemnation are entered in favor of the Havre de Grace Banking and Trust Co. against the Citizens National Bank of Havre de Grace, garnishee, for the sum of $22.99, and against Maude R. Mitchell and Julian F. Mitchell, administrators and garnishees, for the sum of $22.64.*