# NALLE *v.* OYSTER.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF
COLUMBIA.

No. 218.  Submitted April 16, 1913.—Decided June 16, 1913.

The practice of bills of exceptions is statutory under the Statute of
Westminster, 2, 13 Edw. I, c. 31, which prevailed in Maryland and
was continued in force in the District of Columbia by the act of
March 3, 1901, except as superseded by the Code established by
that act.

Error appearing on the face of the record may be assigned as ground
for reversal, although no exception be taken; nor is the function of
an exception confined to the trial of the action but extends to all the
pleas, challenges and evidence.

This practice was not modified by the Code, nor has it been by any
rules of practice established under it; there is no provision giving the
right to take exceptions on rulings other than those made in the
course of the trial, except as based on the Statute of Westminster;
nor does any rule of court require an exception to be taken in order
to preserve rights of a plaintiff against whose declaration a demurrer
has been sustained.

Section 1533 of the Code applies only where the demurrer has been
overruled; it has no bearing upon a case where the demurrer has
been sustained.

Ordinarily malice is to be implied from the mere publication of a libel,
and justification or extenuation must proceed from the defendant;
but where the communication is privileged, the burden is on the
plaintiff to prove malice. *White* v. *Nichols,* 3 How. 266.

Allegations of malice, falsehood and want of probable cause in issuing a libel are of fact and are necessarily admitted by a demurrer.

The issue joined upon a demurrer to one count of a declaration is legally distinct and separate from the issue joined upon a demurrer to another count; nothing can be imported from one count to the other, nor can a judgment be based upon surmise that a matter referred to in one count is the same as that referred to in another.

If the parties in the former action be the same as in the present, every matter and question of fact necessarily involved in the consideration and determination of the former issue is conclusive upon the present. *Southern Pacific Railroad* v. *United States,* 168 U. S. 1, 48.

A judgment denying the petition in an action for mandamus to compel reinstatement of a public school teacher in which the defendants, members of the Board of Education, pleaded that the petitioner was not sufficiently qualified as a teacher and the court held this was justification of the dismissal is *res judicata* as to that question in a suit for libel subsequently brought by the petitioner against the same defendants for the statement made in such pleading.

A statement as to the qualifications of a teacher in the public schools made by members of the Board of Education in their answer to a petition for mandamus to reinstate her after dismissal is privileged; and if made without malice and with probable cause is not actionable.

Such a statement cannot be held in an action for libel to have been made without probable cause if the court has held in another proceeding that the defendants were justified in making it.

No civil action lies for a conspiracy, unless there be an overt act that results in damage to the plaintiff.

Publication of a privileged statement in an action as an essential part of a pleading by several defendants members of an official body. *held* in this case not to be an overt act of a conspiracy.

36 App. D. C. 36, reversed.

THE facts, which involve the practice of bills of exceptions in the District of Columbia and the extent to which statements made by members of a Board of Education in regard to qualifications of a school teacher are privileged, are stated in the opinion.

*Mr. John C. Gittings* and *Mr. Justin Morrill Chamberlin* for plaintiff in error:

There is no absolute privilege where the libelous matter

was knowingly false, and malicious and wantonly made. *White* v. *Nichols*, 3 How. 266; see also *Masterson* v. *Brown*, 72 Fed. Rep. 136; *Merchants Ins. Co.* v. *Buckner*, 98 Fed. Rep. 222; *McGee* v. *Insurance Co.*, 112 Fed. Rep. 854.

Those text-writers who hold otherwise, basing their views on modern state and English authorities, have overlooked that the very ground which is the basis of the claim of absolute privilege, namely, that of public policy, is given by the Supreme Court of the United States in *White* v. *Nichols, supra,* as being the ground why such privilege does not, and should not, exist, and by careful examination of all the state authorities, it will be found that the doctrine of absolute privilege is traced to *Lake* v. *King,* 1 Saunders, 120.

The court below erred on the question of *res judicata.*

A former judgment is not binding on the parties in a subsequent action by way of estoppel to any question of fact, unless it appears, from the judgment or by extrinsic evidence, that such question was within the issue of the former action and actually litigated and determined therein. *Hopkins* v. *Lee,* 6 Wheat. 109; *Packet Co.* v. *Sickles,* 5 Wall. 592; *Aurora City* v. *West,* 7 Wall. 82; *Russell* v. *Place,* 94 U. S. 606; *Pacific R. R.* v. *United States,* 168 U. S. 1; *Cummings* v. *Baker,* 16 App. D. C. 1; *Augir* v. *Ryan,* 63 Minnesota, 373; *Teal* v. *Terrell,* 48 Texas, 491.

A judgment is not technically conclusive of any matter, if the matter is not such that it had, of necessity, to be determined before the judgment could have been given. *Hunter* v. *Davis,* 19 Georgia, 413; 1 Starkie's Ev. 223; Greenleaf Ev., § 528; *Bergeron* v. *Richaraott,* 55 Wisconsin, 129; *Dixon* v. *Merritt,* 21 Minnesota, 196.

A prosecution with malice and without probable cause is just foundation of an action, though such prosecution was instituted in the appropriate court and carried on with every formality known to the law. *Masterson* v.

*Brown,* 72 Fed. Rep. 136; Townsend on Slander and Libel, 3d ed., No. 220, p. 380; *Olmstead* v. *Partridge,* 16 Gray, 381; *Beihofer* v. *Loeffert,* 159 Pa. St. 365; 19 Am. and Eng. Enc. Law, 2d ed., p. 694.

The second count of the declaration is not a count in libel but a count in trespass on the case in the nature of a conspiracy. *Saville* v. *Roberts,* 1st Ld. Raym. 374.

Plaintiff may maintain this count in trespass although it is not a common form of action. See *Mott* v. *Danfort,* 6 Watt. 304; *Wildee* v. *McKee,* 111 Pa. St. 337; *Van Horn* v. *Van Horn,* 56 N. J. L. 318; *Verplanck* v. *Van Buren,* 76 N. Y. 259.

*Mr. Clarence R. Wilson,* United States Attorney, and *Mr. Reginald S. Huidekoper* for defendants in error:

The matter is *res judicata* and the plaintiff is estopped by the former judgment referred to in the pleadings.

The plaintiff in both actions is the same person. The defendants in this action were all named parties defendant in the mandamus proceedings. The Supreme Court of the District had to entertain the petition for mandamus and the present action.

Throughout the mandamus suit there was an unsuccessful effort to lead the court to hold that the act of Congress required the Board to give the plaintiff notice of the charges against her, a trial, and the right to be represented by counsel before she could be dismissed.

Plaintiff's contention that the mandamus proceeding brought for the purpose of restoring her to an office is not the same cause of action or the same subject-matter as the libel, cannot be sustained as the alleged libel was not in existence nor had it been published until after the mandamus proceeding had been started.

If this contention were sound, there would be no room for the application of the doctrine of *res judicata* in any case.

See numerous decisions to effect that an adjudication respecting prior installments or coupons is conclusive between the parties relating to subsequent installments or coupons. *Lumber Co.* v. *Buchtel,* 191 U. S. 638; *Bissell* v. *Spring Valley,* 124 U. S. 225; *Johnson Co.* v. *Worten,* 152 U. S. 252.

A person is estopped from again setting up a claim in a subsequent suit which was necessarily involved in a prior suit between the same parties and this whether such matter was actually considered by the court or not. *Beloit* v. *Morgan,* 7 Wall. 619, 623; *Cromwell* v. *County of Sac,* 94 U. S. 351; *Hopkins* v. *Lee,* 6 Wheat. 109, 113.

It is not essential the causes of action should be the same. *New Orleans* v. *Citizens Bank,* 167 U. S. 371; *Southern Pacific R. R. Co.* v. *United States,* 168 U. S. 1; See also *Baker* v. *Cummings,* 181 U. S. 117; *Dickinson* v. *Wilkinson,* 3 How. 57, 61; *Southern Minnesota Ry.* v. *St. Paul S. C. R. Co.,* 55 Fed. Rep. 690; *Waterbury* v. *Marine Society,* 94 Maine, 122; *North River Co.* v. *Schrewsburg Church,* 22 N. J. L. 424; *Holt County* v. *National Life Ins. Co.,* 80 Fed. Rep. 686.

The alleged libelous matter referred to in the first count of the declaration was absolutely privileged, and malice cannot be predicated upon it. *White* v. *Nicholls,* 3 How. 266, does not sustain appellant's contention; the statement in that case that there is no absolute privilege in law, is a mere *dictum,* and is also distinguishable, because the action complained of was not, as here, in pursuance of a public official duty.

Matters appearing in the pleadings or statements of counsel made in the course of judicial proceedings which are pertinent and material to the issue are absolutely privileged and will not support an action for libel against the party making them. *McGehee* v. *Insurance Co.,* 112 Fed. Rep. 853; *King* v. *McKissick,* 126 Fed. Rep. 215; *Conley* v. *Key,* 98 Georgia, 115; *Wilson* v. *Sullivan,* 81

Georgia, 238; *Burdette* v. *Argyle*, 94 Ill. App. 171; *Strauss* v. *Meyer*, 48 Illinois, 385; *Gardemal* v. *McWilliams*, 43 La. Ann. 454; *Maulsby* v. *Reifsnider*, 69 Maryland, 143; *McLaughlin* v. *Cowley*, 127 Massachusetts, 316; *Rice* v. *Coolidge*, 121 Massachusetts, 393; *Aylesworth* v. *St. John*, 25 Hun, 156; *Link* v. *Moor*, 84 Hun, 118; *Lawson* v. *Hicks*, 38 Alabama, 279; *Gaines* v. *Ætna Ins. Co.*, 104 Kentucky, 695; *Bartlett* v. *Christhilf*, 69 Maryland, 219; *Marsh* v. *Ellsworth*, 50 N. Y. 309; *Moore* v. *Mfrs. Nat. Bank*, 123 N. Y. 420; *Gilbert* v. *The People*, 1 Denio (N. Y.), 41; *Cook* v. *Hill*, 3 Sandf. (N. Y.) 341; *Warner* v. *Paine*, 2 Sandf. (N. Y.) 195; *Perkins* v. *Mitchell*, 31 Barb. 461; *Garr* v. *Selden*, 4 Comst. (N. Y.) 91; *Nissen* v. *Cramer*, 104 N. C. 574; *Lea* v. *White*, 4 Sneed (Tenn.), 110; *Mower* v. *Watson*, 11 Vermont, 536; *Clemmons* v. *Danforth*, 67 Vermont, 617; *Abbott* v. *Natl. Bank*, 20 Washington, 552; *Johnson* v. *Brown*, 13 W. Va. 71, 119; *Jennings* v. *Paine*, 4 Wisconsin, 358; *Astley* v. *Younge*, 2 Burr. 807. See also *Hoar* v. *Wood*, 3 Met. 193, 196.

Malice cannot be predicated upon matter which is pertinent and material to a case subject to inquiry before a court. No one is permitted to allege what was rightfully done in a judicial proceeding was done with malice. Though the words used were false and malicious, the privilege is absolute. *Lawson* v. *Hicks*, 38 Alabama, 279; *Hollis* v. *Meux*, 69 California, 625; *Burdette* v. *Argyle*, 94 Ill. App. 171; *Gaines* v. *Ætna Ins. Co.*, 104 Kentucky, 695; *Gardemal* v. *McWilliams*, 43 La. Ann. 454; *Bartlett* v. *Christhilf*, 69 Maryland, 219; *Marsh* v. *Ellsworth*, 50 N. Y. 309; *Garr* v. *Selden*, 4 N. Y. 91; *Gilbert* v. *The People*, 1 Denio, 41; *Mower* v. *Watson*, 11 Vermont, 536; *Link* v. *Moor*, 84 Hun, 118; *Moore* v. *The Mfrs. Nat. Bank*, 123 N. Y. 420; *Nissen* v. *Cramer*, 104 N. C. 574; *Warner* v. *Paine*, 2 Sandf. 195.

However false and malicious, they are not libelous. *Wilson* v. *Sullivan*, 81 Georgia, 238.

If the person charging facts in a pleading in a judicial procedure in good faith believes the words thus written to be material and pertinent to the issues presented in such proceedings, then the rule of absolute privilege extends to such person, although the matter may be found to be not strictly material and pertinent. *Lawson* v. *Hicks,* 38 Alabama, 279; *Burdette* v. *Argyle,* 94 Ill. App. 171, 175; *Aylesworth* v. *St. John,* 25 Hun, 156; *Hastings* v. *Lusk,* 22 Wend. 410; *White* v. *Carroll,* 42 N. Y. 161.

For other cases on this point see *Harlow* v. *Carroll,* 6 App. D. C. 128; *De Arnaud* v. *Ainsworth,* 24 App. D. C. 167; *Dawkins* v. *Paulet,* L. R. 5 Q. B. 94; *Farr* v. *Valentine,* 38 App. D. C. 413; *Johnson* v. *Brown,* 13 W. Va. 71.

In regard to statement in appellant's brief that there is no decision in this court subsequent to *White* v. *Nichols* that in any way can be said to overrule the doctrine there propounded, this court has in several instances recognized, adopted, and applied the principle of absolute privilege. See *Randall* v. *Brigham,* 7 Wall. 523, 535; *Bradley* v. *Fisher,* 13 Wall. 335, 351; *Vogel* v. *Gruaz,* 110 U. S. 311, 315; *Spalding* v. *Vilas,* 161 U. S. 483.

*Masterson* v. *Brown,* 72 Fed. Rep. 136; *Merchants Ins. Co.* v. *Buckner,* 98 Fed. Rep. 222; *McGehee* v. *Insurance Company,* 112 Fed. Rep. 854, cited in appellant's brief, are not authority for the principle broadly stated in *White* v. *Nichols.*

The second count of the amended declaration states no cause of action. *Adler* v. *Fenton,* 24 How. 407; *Porter* v. *Mack,* 50 W. Va. 581; *Severinghaus* v. *Beckman,* 9 Ind. App. 388; *Kimball* v. *Harman,* 34 Maryland, 407; *Van Horn* v. *Van Horn,* 56 N. J. L. 318, 323; Pollock on Torts, 267; *O'Callaghan* v. *Cronan,* 121 Massachusetts, 114; *Rice* v. *Coolidge,* 121 Massachusetts, 393; *United States ex rel. McManus* v. *Moore,* 3 MacA. 226.

The alleged libelous matter, being incorporated in the answer of the defendants in a judicial proceeding, was

absolutely privileged, and its use in such proceedings was lawful. The use of the words complained of was an act legal in itself, and was in violation of no right of the plaintiff, and cannot therefore be made actionable upon the theory of conspiracy.

MR. JUSTICE PITNEY delivered the opinion of the court.

This is a writ of error to review a judgment affirming a judgment of the Supreme Court of the District in favor of the defendants in an action for libel and conspiracy.

The declaration contains two counts, the first of which avers that the plaintiff was a teacher and a member of the body of teachers in the public schools of the District of Columbia, and that the defendants, without probable cause, but contriving and maliciously intending to injure plaintiff in her character and reputation as a school teacher, wrongfully and maliciously composed and published and filed in the Clerk's office of the Supreme Court of the District, as their answer in a legal proceeding wherein they and others composing the Board of Education were named as defendants, a certain false, scandalous and defamatory libel concerning the plaintiff in respect of her profession, the purport of which was that the defendants and others, composing the Board of Education, found upon examination that the plaintiff "was not sufficiently qualified in all respects to continue to teach" in the public schools, but was "deficient in the necessary academic and pedagogic equipment of a competent teacher," so that the Board of Education were unable lawfully to continue her in employment.

The second count recites that the plaintiff was and for more than thirty years had been earning her livelihood as a teacher and member of the body of teachers of the public schools of the District of Columbia, and the defendants and others constituted the Board of Education,

as provided for by the act of Congress approved June 20,
1906, 34 Stat. 316, c. 3446, by which it is, among other
things, enacted that when a teacher is on trial or being
investigated she shall have the right to be attended by
counsel; that certain untrue charges concerning plaintiff's
moral character and reputation were under investigation
by the Board; that without notice to her, or an oppor-
tunity for a hearing the Board dismissed her from the
rolls as a teacher, assigning as a reason that this was
done for the good of the service; that feeling aggrieved
and having failed to secure redress by a petition direct
to the Board, plaintiff petitioned the Supreme Court of
the District for a writ of mandamus to compel the Board
to reinstate her; that the defendants, intending to wrong
and injure her in her right to employment in the line of
her occupation and calling, and specifically to prevent
her from securing the writ of mandamus to reinstate her
to her position and to the emoluments of her office as a
member of the body of teachers of the public schools, en-
tered into an unlawful agreement and conspiracy among
themselves to ruin the plaintiff, and specifically to pre-
vent her from obtaining her proper redress as prayed
for in the mandamus proceedings, and to cause it to be
believed by the public in general that she was deficient
in the necessary academic and pedagogic equipment of
a competent teacher, and thereby prevent her from secur-
ing employment as such; that in pursuance of the con-
spiracy the defendants maliciously composed and pub-
lished, and filed in the Clerk's office of the Supreme Court
of the District, a paper purporting to be their answer
and the answer of other members of the Board of Ed-
ucation, which contained certain false and scandalous libel
concerning the plaintiff in her profession as a school teacher
(the alleged libelous matter being set forth and being of
the same tenor and purport as that alleged in the first
count), the defendants knowing at the time that the facts

alleged in the libel were false; all of which was done in pursuance of the alleged unlawful agreement and con-spiracy; that thereby the plaintiff was prevented from securing a fair and impartial hearing in the mandamus proceedings, was prevented from being reinstated to her office as a member of the body of teachers of the public schools and receiving the emoluments thereof, and has been greatly injured in her good name and character, etc.

To the first count, defendants interposed a demurrer, upon the ground that the alleged libelous matter was privileged. The demurrer was sustained.

To the second count, defendants filed two pleas. Of these, the first sets up the proceedings and judgment in the Supreme Court in the case of *The United States of America ex rel. Mary E. Nalle, Relator,* v. *George W. Baird and others, Respondents,*[1] on plaintiff's petition for a writ of mandamus to restore her to the rolls as a teacher (being the same proceeding in which the alleged libelous matter was filed as the answer of the Board of Education), and avers that afterwards, by the consideration and judgment of the court, and upon an issue necessarily involved in the cause and litigated therein between the parties, and identical with the causes of action herein given, it was ordered that the writ of mandamus be and it was thereupon denied, as by the record appears, a copy of which is at-tached to the plea and made a part of it.

The second plea to the second count sets up the former adjudication in a different form, averring the facts more elaborately and including a special reference to the alleged libelous matter under circumstances such as to lay the foundation for a claim that it was privileged. This plea avers that at the time alleged in the second count of the declaration, and for a long time before, the defendants constituted the Board of Education of the District, in

---

[1] See *United States ex rel. Nalle* v. *Hoover,* 31 App. D. C. 311.

which was vested the control of the public schools under
the laws of the United States; that plaintiff was and for a
long time had been a teacher in the public schools; that
the defendants as the Board of Education, acting in
accordance with the laws and by virtue of the authority
vested in them as such board, dismissed her from the
position of teacher; that afterwards she impleaded the
defendants in the Supreme Court of the District, upon a
petition for a writ of mandamus, for her restoration to
the rolls as a teacher in the public schools; that thereafter
the defendants, as respondents in the action of mandamus,
filed an answer in the Supreme Court in that suit, and in
that answer, "and upon a matter material, relevant,
pertinent, and necessarily involved in said cause and
litigated therein between the said parties, set up the identi-
cal matters and writings complained of in the present
suit, and thereupon set up in said answer and as a response
to the allegations of said petition the following writing
upon which this present suit is based, to wit" (here re-
peating the alleged libel); that such proceedings were
thereafter had in the action of mandamus that by the
consideration and judgment of the court, and upon an
issue necessarily involved in the cause litigated therein
between the parties, it was ordered that the writ of man-
damus be and it was denied and the petition dismissed,
as by the record appears, a copy of which is attached to
and made a part of the plea, which judgment still remains
in full force, etc.; concluding with a verification.

To both pleas, the plaintiff demurred. Her demurrers
were overruled, and as she elected to stand upon them,
final judgment was entered against her.

The Court of Appeals of the District affirmed the judg-
ment (36 App. D. C. 36), and the present writ of error
was sued out.

The questions argued are: whether the first count of the
declaration was properly sustained against the demurrer

interposed to it on the ground that the alleged libelous matter was privileged; and whether *res judicata* or privilege was well pleaded to the second count.

The Court of Appeals declined to go into the question of privilege, ignoring the first count because no exception was taken by plaintiff to the ruling of the court sustaining the demurrer thereto; and ignoring the question of privileged communication raised by the second plea to the second count because the judgment against the plaintiff on that count could be sustained on the plea of former adjudication.

Respecting the necessity for an exception to the court's ruling in sustaining the demurrer to the first count, counsel for defendants in error have not attempted to uphold the position taken by the Court of Appeals. The court cited no statute, rule or other authority for its position, and we have been unable to find any.

The practice of bills of exceptions is statutory. By the ancient common law, a writ of error lay only for an error in law apparent upon the judgment roll—what is now called the "strict record"—or for an error in fact, such as the death of a party before judgment. (See *Green* v. *Watkins*, 6 Wheat. 260, 262.) For an erroneous decision that did not appear upon the record there was no redress by writ of error. To relieve this, the Statute of Westminster 2, 13 Edw. I, ch. 31 (1 Eng. Stat. at L. 99; Bac. Abr., title "Bill of Exceptions"), was enacted more than six hundred years ago, providing that one who alleged an exception should write it out and require the justices to put their seals to it, and that if upon review "the exception be not found in the roll, and the plaintiff show the exception written, with the seal of the justice put to, the justice shall be commanded that he appear, etc., and if he cannot deny his seal they shall proceed to judgment according to the exception," etc. Under this act, and state statutes modeled after it, it has always been held

that error appearing upon the face of the record may be assigned as ground for reversal, although no exception be taken. *Slacum* v. *Pomery* (1810), 6 Cranch, 221, 225; *Macker's Heirs* v. *Thomas* (1822), 7 Wheat. 530, 532; *Woodward* v. *Brown* (1839), 13 Pet. 1, 5; *Bennett* v. *Butterworth* (1850), 11 How. 669, 676; *Suydam* v. *Williamson* (1857), 20 How. 427, 433; *Insurance Co.* v. *Piaggio* (1872), 16 Wall. 378, 386; *Baltimore & Potomac R. Co.* v. *Trustees* (1875), 91 U. S. 127, 130. And, on the other hand, the function of an exception is not confined to rulings made upon the trial of the action. As pointed out by Lord Coke (2 Inst. 427): "This [*i. e.*, an exception taken under the Statute of Westminster 2,] extendeth not onely to all pleas dilatory and peremptory, &c., and (as hath been said) to prayers to be received, oyer of any record or deed, and the like; but also to all challenges of any jurors, and any materiall evidence given to any jury, which by the court is over-ruled." And see *Defiance Fruit Co.* v. *Fox*, 76 N. J. Law (47 Vr.), 482, 489.

Except as modified by statute, the practice of the courts of the District of Columbia is modeled upon that which obtained in the courts of Maryland at the time of the cession. Act of February 27, 1801, § 1, 2 Stat. 103, c. 15. By act of March 2, 1889, 25 Stat. 872, c. 392, Congress provided for the making and publication of a compilation of the laws then in force in the District, to be made by commissioners appointed by the Supreme Court of the District. The result was the Abert & Lovejoy Compilation, and in it (p. 442, § 5) the statute of Westminster 2 (13 Edw. I, ch. 31, § 1) is included. Under the settled practice in Maryland (as elsewhere) under that statute, a bill of exceptions is unnecessary and inappropriate for bringing under review a ruling of the court upon a demurrer to the pleadings, since the pleadings form a part of the record and show upon their face the facts upon which the question of law is raised. *Blake* v. *Pilcher* (1877), 46 Maryland, 453,

462; *Wilson* v. *Merryman* (1877), 48 Maryland, 328, 338; *Lee* v. *Rutledge* (1878), 51 Maryland, 311, 318; *Davis, Exr.,* v. *Carroll* (1889), 71 Maryland, 568.

By the "Act to establish a code of law for the District of Columbia," approved March 3, 1901, 31 Stat. 1189, c. 854, Congress enacted that the common law, and all British statutes in force in Maryland on the twenty-seventh day of February, eighteen hundred and one, should remain in force, except so far as inconsistent with or replaced by, some provision of the Code. We find nothing in the Code, or in the rules of practice established under it, to require an exception in order that an error apparent upon the record may be reviewed. Sections 71 and 73 pertain to the taking of exceptions to rulings made during trial in the Supreme Court. There seems to be no section that in terms recognizes a right to take exceptions on rulings other than such as are made in the course of the trial, unless this right follows from the adoption of the Statute of Westminster as being among the "British statutes in force in Maryland," etc.

Sec. 65 of the Code authorizes the Supreme Court of the District to establish rules of practice for the trial terms, not inconsistent with the laws of the United States. Sec. 225 authorizes the Court of Appeals to "make such rules and regulations as may be necessary and proper for the transaction of its business and the taking of appeals to said court"; with the "power to prescribe what part or parts of the proceedings in the court below shall constitute the record on appeal except as herein otherwise provided, and the forms of bills of exceptions, and to require that the original papers be sent to it instead of copies thereof, and generally to regulate all matters relating to appeals, whether in the court below or in said Court of Appeals."

We are referred to nothing, and have found nothing in the rules of either of the courts, to require an exception

to be taken in order to preserve the rights of a plaintiff against whose declaration, or a count thereof, a demurrer has been sustained. Rules 47 and 48 of the Supreme Court relate to bills of exceptions. And rules 4 and 5 of the Court of Appeals relate to the form of the bills. There is nothing in these that touches upon the present point.

Sec. 1533 of the District Code provides that in all cases where a demurrer to a declaration or other pleading shall be *overruled*, the party demurring shall have the right to plead over, without waiving his demurrer. This is obviously designed to modify the former rule that where after demurrer overruled, leave was given to plead, and the demurring party pleaded to the pleading demurred to, he waived the demurrer, and took it out of the record, so that it did not appear in the judgment roll. *Young* v. *Martin*, 8 Wall. 354, 357; *Stanton* v. *Embry*, 93 U. S. 548, 553; *Del., Lack. & West. R. Co.* v. *Salmon*, 39 N. J. Law (10 Vr.), 299, 301. The section has no bearing upon the case where a demurrer is *sustained*.

We must therefore consider the merits of the question raised by defendant's demurrer to the first count.

Counsel for plaintiff in error rest upon the authority of the decision of this court in *White* v. *Nicholls*, 3 How. 266, 291, where, after a full review of the English and American authorities, the court declared that, in the ordinary case, malice is to be implied from the mere publication of a libel, and justification, excuse or extenuation, if any, must proceed from the defendant; that with respect to privileged communications the recognized obligation or motive that may fairly be presumed to have led to the publication, and so to relieve it from the implication of malice, so far changes the rule of evidence as to require the plaintiff to bring home to the defendant the existence of malice as the true motive of his conduct; that such malice may be proved although alleged to have

existed in the proceedings before a court, and although such court may have been the proper authority for redressing the grievance presented to it; that proof of express malice in a pleading filed in any such proceeding will render the pleading libelous and actionable; and that "in every case of a proceeding like those just enumerated, falsehood and the absence of probable cause amount to proof of malice."

The defendants, having demurred to the count in question, necessarily admit the truth of the facts stated in it, so far as they are well pleaded. Among the facts so pleaded are malice, falsehood and the want of probable cause; and the averment of these facts is not negatived or qualified by anything else that appears in the count. The count does not even show that the alleged libelous matter was pertinent or material to the issue, for it does not show the nature of the proceeding, nor what was the issue, nor that the plaintiff was a party to it.

It is unnecessary to say that the issue joined upon the demurrer to the first count is legally distinct and separate from the issue joined upon the demurrers to the pleas to the other count. Nothing in the second count or in the subsequent pleadings can be imported into the first count. And so, while we may surmise that the legal proceeding referred to in the first count is the same as that elsewhere referred to in the pleadings, we cannot base upon this surmise a judgment upon the demurrer. So far as appears from the count itself, the plaintiff may have been a stranger to the proceeding in which the alleged libelous answer was filed. Moreover, there is nothing to rebut the averment of falsehood and the absence of probable cause. And since it cannot be doubted that the matter is libelous unless protected by the privilege, it follows that the court erred in sustaining the demurrer.

The questions raised by the other demurrers need not long detain us. The established rule is that if the parties

in the former action be the same as in the present, then every matter and question of fact and of law that was necessarily involved in the consideration and determination of the former issue shall be conclusive upon the present., *Southern Pacific Railroad* v. *United States*, 168 U. S. 1, 48, and cases cited.

The matter alleged to be libelous, was the statement made by respondents in their answer to the mandamus proceeding that they had found on examination that the plaintiff was "not sufficiently qualified in all respects to be competent to continue to teach, but was deficient in the necessary academic and pedagogic equipment of a competent teacher," so that the respondents were unable lawfully to continue employing her.

Counsel for plaintiff in error point out that while upon the decision of a demurrer in the mandamus case, the Supreme Court (by Mr. Justice Anderson) held that this was a good justification, it was afterwards traversed in fact, and it is contended that the issue thereon was determined without passing upon the precise question of plaintiff's "academic and pedagogic equipment." As evidence of this, the proceedings in the mandamus case are referred to. It appears that in giving the reason for entering final judgment in favor of the Board of Education, Justice Anderson said: "It was not necessary that the Board should find that she was lacking in the academic and pedagogic equipment of a competent teacher, if they found generally that she was not qualified to teach in the public schools." The argument now seems to be that the "necessary academic and pedagogic equipment" is not synonymous with the "sufficient qualifications" of a teacher. This, we think, is a distinction without a difference, and the Court of Appeals correctly held that both pleas to the second count were good as setting up a former adjudication of the identical matters included in the second count of the declaration.

Upon the question of privilege raised by the second plea, the Court of Appeals thought it unnecessary to pass. Strictly, this is true, for if the alleged cause of action is concluded by a former adjudication, it is immaterial whether the cause of action is in itself well founded.

However, it is not out of place to say that it cannot be doubted that the second count of the declaration, taken in connection with the second plea thereto, shows a situation that clearly renders the subject-matter of the alleged libelous answer to have been privileged.

These pleadings show that upon the plaintiff's own application for a mandamus the defendants, being the Board of Education, were required to show why they had dismissed her. They showed it by averring that upon examination they had ascertained her to be lacking in the qualifications of a teacher and had dismissed her accordingly.

The insistence is that even such a defense, if made with malice and without probable cause, may be the subject of an action of libel. The rule laid down in *White v. Nicholls,* 3 How. 266, 299, is to the effect that it is not to be deemed malicious unless found to be false, as well as without probable cause; and upon the face of the record this averment respecting the plaintiff's dismissal cannot be deemed to be false, or to have been made without probable cause, for it is shown to have been sustained as true by the judgment of the court. It will thus be seen that the admitted fact of the former adjudication carries with it an admission of the facts necessary to show the privilege likewise.

It is further insisted that the second count of the declaration is not, properly speaking, a count in libel, but is a count in trespass on the case for a conspiracy. But the well-settled rule is that no civil action lies for a conspiracy unless there be an overt act that results in damage to the plaintiff. To this effect are the very au-

thorities upon which plaintiff in error relies. *Mott v. Danfort*, 6 Watts, 304; *Wildee v. McKee*, 111 Pa. St. 335, 337; 2 Atl. Rep. 108; *Van Horn v. Van Horn*, 56 N. J. Law (27 Vr.), 318; *Verplanck v. Van Buren*, 76 N. Y. 247, 259. To which may be added *Brennan v. United Hatters*, 73 N. J. Law (44 Vr.), 729, 742, and cases therein cited.

Now in the second count of the declaration no overt act is charged except the filing of the alleged libelous matter as a part of the defendants' answer in the mandamus action. The only damage alleged to have been suffered is that which proceeded from the publication of this libel. And since, as the record shows, the alleged libel was an essential part of a pleading filed in a former proceeding between the parties herein, which by the judgment was determined to be true, and since therefore the alleged libel was privileged, and thus not actionable, it follows plainly enough that a conspiracy to publish it is not actionable.

It results that so far as the judgment of the Court of Appeals affirmed the judgment of the Supreme Court in overruling the plaintiff's demurrers to the first and second pleas filed by the defendants to the second count of the declaration, the judgment should be affirmed. But so far as the judgment sustained the defendants' demurrer to the first count of the declaration it should be reversed, and the cause remanded for further proceedings in accordance with this opinion. Under the circumstances, however, the defendants should have leave to plead to the first count, by traverse or otherwise. D. C. Code, § 1533; *United States v. Boyd*, 15 Pet. 187, 209.

*Judgment reversed and cause remanded for further proceedings accordingly.*