## THOMPSON v. STORRIE.

---

PATENTS; INTERFERENCE; RES JUDICATA.

Where the parties to an interference took no testimony and stipulated that the testimony in a prior case adjudicated between them comprehending the same subject should be used, it was *held* that the questions of law and fact presented were *res judicata.* (Citing *Nalle* v. *Oyster*, 36 App. D. C. 36, affirmed in 230 U. S. 165.)

No. 1136. Patent Appeals. Submitted January 17, 1918. Decided February 4, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case, awarding priority to the junior party. *Affirmed.*

The facts are stated in the opinion.

*Mr. H. A. Toulmin* for the appellant.

*Mr. A. F. Kwis* and *Mr. Robert Watson* for the appellee.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

This is an interference case involving an invention for a shock absorber. Priority was awarded to William Storrie, the junior party, by all the tribunals of the Patent Office. No testimony was taken, but the parties stipulated that the testimony in another case between the same parties comprehending the same subject should be used. The decision in that case was in favor of Storrie (46 App. D. C. 324) and is a dominant factor in this cause, which the appellant makes no attempt to overcome, but ignores. It has made the questions of law and fact presented here *res judicata. Nalle* v. *Oyster,* 36 App. D. C. 36, affirmed on this point in 230 U. S. 165, 57 L. ed. 1439, 33 Sup. Ct. Rep. 1043 ; *Southern P. R. Co.* v. *United States,* 168 U. S. 1, 42, 42 L. ed. 355, 374, 18 Sup. Ct. Rep. 18, and cases cited. In view of this we are at a loss to apprehend upon what theory of law the appellant has brought the cause here, thereby harassing the appellee and unnecessarily consuming our time. The Commissioner was right in awarding priority of invention to Storrie, and his decision is affirmed.          *Affirmed.*