ALD-088                                                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3887
_____

ROBERT R. VERBANIK,
                                      Appellant

v.

SUPERINTENDANT MICHAEL HARLOW; C/O MICHEL SCHULLER;
C/O JASON ANDREWS; C/O WALTER YOUREMA; C/O SGT. THOMAS MILLS;
C/O SGT. ERIC YOHE; C/O CAPTAIN CONRAD DECHANT; C/O A GORDON
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-09-cv-00448)
District Judge:  Honorable Lisa P. Lenihan
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 17, 2013
Before:  SLOVITER, VANASKIE and WEIS, Circuit Judges

(Opinion filed: January 28, 2013)
_____

OPINION
_____

PER CURIAM.

Robert Verbanik, proceeding pro se, appeals from the United States District Court

for the Western District of Pennsylvania's order granting Defendants' motion for

summary judgment and denying Verbanik's motion for summary judgment.  For the

reasons that follow, we will summarily affirm the District Court's order pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6.

**I.**

Verbanik, previously incarcerated at the State Correctional Institution in Mercer, Pennsylvania ("SCI-Mercer"), filed a complaint in April 2009, alleging numerous claims under 42 U.S.C. § 1983. Defendants filed a motion to dismiss and in response Verbanik filed an amended complaint. Defendants moved to dismiss the amended complaint and Verbanik filed a second amended complaint. In his second amended complaint Verbanik raised a series of claims against correctional officers and their supervisors employed at SCI-Mercer. The majority of Verbanik's claims relate to grievances brought against SCI-Mercer staff pursuant to the *Consolidated Inmate Grievance Review System*, Policy Statement DC-ADM 804 and to misconduct charges brought against Verbanik pursuant to *Inmate Disciplinary and Restricted Housing Procedures*, Policy Statement DC-ADM 801. Verbanik raised seventeen claims that can generally be categorized as claims of retaliation, due process violations, verbal harassment, equal protection violations, conspiracy, and supervisory liability. Verbanik also raised state law claims.

Defendants filed a motion to dismiss Verbanik's second amended complaint. The District Court granted Defendants' motion to dismiss, determining that Verbanik failed to exhaust administrative remedies for many of his claims and failed to state a claim for the remainder. Verbanik appealed and this Court remanded the matter to the District Court for further proceedings because it was questionable whether Defendants' conduct

rendered administrative remedies unavailable and because the District Court erred in considering matters outside the pleadings without advising the parties and allowing Verbanik an opportunity to file an affidavit in response.

On remand, Verbanik filed a motion "In Support of Third Circuits Remand/Vacation" that the District Court construed as a motion for summary judgment. Defendants filed a motion for summary judgment and a response in opposition to Verbanik's motion for summary judgment. Verbanik also filed a response in opposition to Defendants' motion. The District Court denied Verbanik's motion for summary judgment and granted Defendants' motion for summary judgment. The District Court declined to grant summary judgment to Defendants based on Verbanik's alleged failure to administratively exhaust his claims and instead granted summary judgment based on the claims' lack of merit. Verbanik appealed the District Court's decision and filed a motion requesting appointment of counsel.

## II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291 and exercise plenary review over the District Court's decision to grant summary judgment. McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Brewer v. Quaker State Oil Ref. Corp., 72

3

F.3d 326, 330 (3d Cir. 1995).  However, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue."  Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

**III.**

A prisoner litigating a retaliation claim must show that the conduct provoking the alleged retaliation was constitutionally protected, that he suffered some "adverse action" at the hands of the prison officials "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights," and that the constitutionally protected conduct was a substantial motivating factor in Defendants' conduct.  Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (alteration in original) (internal quotation marks omitted).  If a plaintiff can establish a prima facie case of retaliation the burden shifts to the defendant "to demonstrate that even without the impetus to retaliate he would have taken the action complained of."  Hartman v. Moore, 547 U.S. 250, 260 (2006).

Verbanik alleged four specific instances of retaliation: (1) he was housed in A-block of SCI-Mercer for four months because Defendants believed he was racist, (2) he was transferred to a less desirous cell for filing a grievance against a defendant, (3) he was locked in a shower for up to two hours for filing a different grievance against a defendant, and (4) Defendants fabricated and issued misconduct charges against Verbanik in retaliation for his use of the grievance process.

4

The District Court determined, and our review of the record confirms, that as to the first two retaliation claims Verbanik failed to state a retaliation claim as a matter of law because he did not demonstrate that the living conditions he endured constituted an adverse action. See Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000).

Regarding Verbanik's third retaliation claim, the District Court concluded that he failed to establish the existence of an adverse action because he "has not even alleged that he was cold or that the conditions were such that they could be described as unenjoyable to an ordinary inmate in a similar situation." Verbanik filed a grievance days before the shower incident and when he asked two of the defendants if his time in the shower was punishment enough, one of them replied "write the warden up again and see what happens to you." These events may be enough to establish causality between Defendants' conduct and Verbanik's utilization of his grievance rights, see Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007), but being left in the shower on one occasion for at most 105 minutes over the required 15 minutes shower-time does not, without more,[1] constitute an adverse action sufficient to deter a person of ordinary firmness from exercising their constitutional rights. See Allah, 229 F.3d at 225 ("[W]hether a prisoner-plaintiff has met [the adverse action] prong of his or her retaliation claim will depend on the facts of the particular case."); cf. Gill v. Pidlypchak,

---

[1] Although Verbanik responds to the District Court in his Argument in Support of Appeal, noting that he "was left in a closet sized room with only boxer shorts on, so of course it was cold," issues raised for the first time on appeal will not be considered. See Harris v. City of Phila., 35 F.3d 840, 845 (3d Cir. 1994).

389 F.3d 379, 384 (2d Cir. 2004) (sentencing prisoner to three weeks in keeplock constituted adverse action). Consequently, in Verbanik's third retaliation claim he failed to state a prima facie claim because he did not allege an adverse action.

Finally, regarding the fourth retaliation claim, that Defendants issued false misconduct charges against Verbanik, we agree with the District Court that insofar as Verbanik stated a prima facie case of retaliation, Defendants have proven by a preponderance of the evidence that the misconduct charges would have been filed even if Verbanik had not engaged in constitutionally protected conduct and that the misconduct charges were reasonably related to penological interests. See Rauser, 241 F.3d at 334.

Verbanik's second set of claims alleged due process violations centered on the claimed falsified misconduct charges, the misconduct proceedings, and the punishments he received as a result of the misconduct charges, 60 and 105 days of disciplinary time for separate misconduct charges. We agree with the District Court that Verbanik has not demonstrated that his punishment amounted to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995); see Smith v. Mensinger, 293 F.3d 641, 652-54 (3d Cir. 2003). As a result, this due process claim fails.

Verbanik's third set of claims alleged that Defendants verbally harassed him in retaliation for his filing of grievances. We agree with the District Court's analysis and conclusion that Verbanik's allegations of verbal harassment do no state a cognizable

6

claim under § 1983. See McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001);

Dewalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000).

Verbanik's fourth set of claims alleged that Defendants violated his equal

protection rights by selectively punishing him for violation of prison regulations. In

order to establish an equal protection claim a prisoner must demonstrate that he was

purposefully discriminated against and was treated differently than other individuals

similarly situated. Andrews v. City of Phila., 895 F.2d 1469, 1478 (3d Cir. 1990).

Further, to establish an equal protection claim based on selective enforcement the

plaintiff must show that the was treated differently based on an "unjustifiable standard,

such as race, or religion, or some other arbitrary factor, . . . or to prevent the exercise of a

fundamental right." Hill v. City of Scranton, 411 F.3d 118, 125 (3d Cir. 2005) (alteration

in original) (internal quotation marks omitted).

Here, Verbanik claimed that on two occasions he was unfairly targeted for

violation of prison regulations while other prisoners in violation of the same regulations

were not disciplined. Verbanik's bare allegation of selective enforcement is not enough

to state a claim; prison officials are accorded deference in their management of prison

policies and practices in order to maintain prison security. Bell v. Wolfish, 441 U.S. 520,

546-47 (1979). Aside from the fact that other prisoners were not disciplined when

Verbanik was, he did not indicate that he was purposefully discriminated against. As the

District Court noted, Verbanik's invocation of the concept of equal protection alone fails

7

to show that he was purposefully discriminated against and treated differently based on an unjustifiable standard and his claim fails.

Verbanik's fifth set of claims concern allegations that Defendants conspired to have a fellow inmate attack Verbanik. Verbanik acknowledges that he was never attacked. Consequently, we agree with the District Court that even if Defendants had conspired to injure Verbanik, absent an overt act that actually did injure him he has failed to state a claim. Nalle v. Oyster, 230 U.S. 165, 182 (1913).

Verbanik's sixth set of claims alleged supervisory liability for the previously-described purported wrongdoing. However, we agree with the District Court that because Verbanik's claims upon which the supervisory liability was necessarily based were inadequate, his claim of supervisory liability fails. See Argueta v. U.S. Immigration & Customs Enforcement, 643 F.3d 60, 70 (3d Cir. 2011).

Finally, we agree that the District Court appropriately decided not to exercise supplemental jurisdiction over Verbanik's state law claims and dismissed them without prejudice because all of the claims over which it had original jurisdiction were dismissed. 28 U.S.C. § 1367(c)(3); Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995).

**IV.**

The District Court properly granted Defendants' motion for summary judgment and denied Verbanik's motion for summary judgment. We will summarily affirm the

8

order of the District Court because no substantial question is presented by this appeal. 3d

Cir. LAR 27.4; I.O.P. 10.6. We deny Verbanik's motion for appointment of counsel.