Solomon S. Ecker, Executor of Jonas Ecker *vs.* The First National Bank of New Windsor, Maryland.

*Sunday—Judicial notice—Judgment—Mistake in date—Amendment.*

The Court is bound to take judicial notice that a given day of the month in a given year fell on Sunday.

Ecker, Ex'r *vs.* First Nat'l Bank of New Windsor.

A judgment actually rendered on Sunday is nugatory, and will not support an execution.

A mistake in the date of a judgment may be corrected by the Court, even after the expiration of the Term at which it was entered.

APPEAL from the Circuit Court for Carroll County.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., YELLOTT, IRVING, and BRYAN, J.

*James McSherry,* and *Charles B. Roberts, Attorney-General,* for the appellant.

*Wm. P. Maulsby,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

The appeal in this case is from the overruling of a motion to quash an execution. The execution itself appears upon its face to be regular, and there is no disclosure thereby of any illegality in the judgment recited. But in the reasons assigned in support of the motion it is alleged that the judgment was rendered on Sunday, the 23d of December, 1883, and is therefore null and void ; and being null and void, no valid execution could issue thereon. .

On the hearing of the motion to quash, the short entry of the judgment, as it appears on the docket of the Court, and all the entries relating thereto, with certain other papers on file in the cause, were offered in evidence, and are embodied in a bill of exception taken by the appel-lant. And upon the evidence thus produced, and embodied in the exception, the question is, whether the judgment be really void by reason of the date it bears.

It is certainly true that the Court is bound to take judicial notice of the fact that the 23d of December in 1883,

was Sunday; and it is equally true, that Sunday is not *dies juridicus;* and therefore, if we were compelled to presume conclusively, from the mere fact of the date, and notwithstanding clear evidence to the contrary, that the judgment was in fact actually rendered on Sunday, the judgment would be nugatory, and would not support the execution. But the record abundantly shows that the judgment was not in point of fact rendered on a Sunday; that the cause had been tried before the Court without the intervention of a jury, and that some time after the trial an order was given to the clerk by the Judges who heard the case, to enter the judgment upon their findings of fact, as of a particular date, and that date happened to be Sunday;—a date inserted in their order by mere mistake and inadvertence. According to the subsequent certificate of the Judges filed in the cause, the mistake committed by them, in giving the order for the entry of the judgment, consisted in directing the judgment to be entered as of the 23d of December, instead of the 23d of November, 1883. This certificate was filed in the cause for the correction of the mistake that had been committed in matter of date merely; but as the certificate was filed *after the expiration* of the term at which the cause was tried, and as of which the judgment was entered, the question is raised as to the right and power of the Judges to amend the judgment, by the correction of the mistake thus committed in respect to the date thereof, after the expiration of the term.

As a general principle it is doubtless true, as laid down by Sir Edward Coke, that "during the terme wherein any judicial act is done, the record remaincth in the brest of the Judges of the Court, and in their remembrance, and therefore the roll is alterable during that terme, as the Judges shall direct; but when the terme is past, then the record is in the roll, and admitteth no alteration, averment, or proof to the contrarie." *Co. Litt.,* 260*a.* And from

this general principle it results, and it has been repeatedly so held, that a judgment is amendable at common law, in substance or in form at any time during the term of which it is signed; and after that time, even after error brought and *in nullo est erratum* pleaded, it has been repeatedly held that a judgment is amendable for any mere clerical misprision, or for any mere mistake of calculation, or want of proper form, and the like. 2 *Arch. Prac. (2d Am. from 2d London Ed.,)* 276, and cases there cited; 1 *Com. Dig. tit. Amendment, (R.)* and note *u.*

In *Sadler vs. Evans.* 4 *Burr.,* 1984–1990, the question of the power of the Court over its judgment after the lapse of the term, was largely discussed both by counsel and the Court. In that case the application for correction was made a year after judgment, and after a writ of error brought, and that writ *non prossed.* And though the application was in that case refused, yet Lord MANSFIELD said that "If a manifest miscomputation, or any plain mistake in figures should appear on the face of the record," he should think it might be amended. And the other three Judges concurred in refusing the rule because, as they said, to grant the rule would be *substantially* to alter the judgment, "not in a matter of mere *mistake,* but of *judyment.* Therefore, at such a distance of time, it would be very inconvenient to alter it: it might be a bad precedent. And for that reason, and *that only,* they were against granting the rule." The same Court, in the more recent case of *Doe vs. Perkins,* 3 *T. R.,* 750, fully recognized and acted on the right of the Court to amend its judgment after the lapse of the term, in respect to the manner and form of the entry thereof; and, in answer to the objection that the application came too late, the Court said there was no foundation for such an objection; that the practice of such amendments was of long duration, and was of great utility to the suitors, and the amendment might be made at *any* time. And so in this State, the right

of amendment of the judgment after the lapse of the term, and even after appeal prosecuted, has been fully sanctioned and acted upon by the former Court of Appeals. In the case of *Kent vs. Lyles*, 7 *G. & J.*, 73, 78, the judgment below had been entered up against an administrator *de bonis propriis*, when it should have been *de bonis intestati si non*, &c., and it was held that such judgment was amendable by the Court below, and being so amendable the Court of Appeals would make the amendment and allow the judgment to stand.

The record fully shows the time at which the trial of the cause occurred, and also the time at which the judgment was in fact entered; and within the principle of the authorities referred to, we are clearly of opinion that it was entirely competent to the Court below to correct the date, which, by mistake or inadvertence, had been given the judgment. The ruling of the Court below must therefore be affirmed.

*Judgment affirmed.*

(Decided 20th November, 1885.)