# WAGENHURST *v.* WINELAND.

EQUITY PLEADING AND PRACTICE; FORMER ADJUDICATION; AMENDMENT.

1. A decree or order dismissing a former bill for the same subject-matter may be pleaded in bar to a new bill, if the dismissal was upon the ground that the plaintiff had no right to the relief sought and was conclusive upon the plaintiff and those claiming under him, and was not in terms directed to be without prejudice; but an order dismissing a bill for want of prosecution or want of proper parties will not be a bar to another bill for the same subject-matter.

2. Even after exceptions to an answer to a bill in equity have been sustained, if the answer is not removed from the files of the court but remains in the cause, the trial court is not justified in taking the bill *pro confesso* and proceeding to a final decree regardless of the efforts of the defendants to get their defense before the court.

3. A defense to a bill in equity that a former suit in equity for the same subject-matter and between the same parties was dismissed is properly interposed by plea, and if such plea be defective the defendant may have leave to amend.

4. While the same defense cannot be made by both plea and answer to a bill, yet after the plea has been adjudged insufficient, the same matter of defense set up by the plea may be advanced and relied upon in the answer and availed by the defendant at the hearing.

5. Where the subject-matter of a plea in bar to a bill in equity is the dismissal of a former suit for the same subject-matter and between the same parties, and there is no attempt to impeach the former decree for fraud, the record of the former suit speaks for itself and there can be no answer required to support the bill, and where, as under rule 35 of the lower court, a defendant is allowed to insist by answer upon all matters of defense of which he may avail himself by plea, his answer under such circumstances need set forth no other matter than the record and decree which he claims constitute the bar.

6. Where the answer to a narrative and discursive bill of forty separate paragraphs, some of them long and complex, simply sets up by way of defense a decree of dismissal in a former suit for the same subject-matter and between the same parties, exceptions to the answer on the ground that it is not divided into paragraphs as required by rule 54 of the lower court should not be sustained.

7. It is not good pleading to encumber the record with allegations of more matter, and especially mere matter of evidence, than is necessary to raise the question that may be actually involved for decision.

8. Where the defense to a bill in equity is a decree of dismissal of a former suit involving the same subject-matter and between the same parties, the answer should be supported by a verified copy of the record and decree in the former suit, exhibited as part of the answer. The answer should be perfect in itself, so that if the case is set down for argument on bill and answer all matters of defense may be properly before the court in one record.

9. On appeal from a final decree in equity passed after the sustaining of exceptions to an answer which sought to raise the defense of former adjudication, where it appeared that the only ground for sustaining the exceptions was that the defendant had failed to support his answer with a verified copy of the record and decree in the former suit; this court *reversed* the decree and remanded the cause in order that proper amendments to the answer might be made.

No. 1310.   Submitted June 4, 1903.   Decided June 25, 1903.

HEARING on an appeal by the defendants from a decree of the Supreme Court of the District of Columbia in a suit to determine the ownership of funds on deposit with the Treasurer of the United States.                    *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. J. Altheus Johnson* and *Mr. Ellwood O. Wagenhurst* for the appellants.

*Mr. Thomas M. Fields* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This appeal is from a decree of the supreme court of the District of Columbia.   The bill was filed by the appellee, Elias Wineland, to establish his ownership of certain moneys or funds on deposit in the Treasury of the United States, as against the appellants, Ellwood O. Wagenhurst, John E. Reyburn, and John K. Little, adverse claimants of said funds.   Decree is also sought against Robert M. Moore and Ellis H. Roberts, the latter being the Treasurer of the United States, and *ex officio* commissioner of the sinking fund of the District of Columbia, and

as such holding the funds in controversy. Neither Roberts nor Moore has appealed from the decree of the court below—the former having allowed the bill of complaint to be taken *pro confesso* as against him, and the latter allowing the decree to be made against him by consent. The appeal, therefore, is taken by Wagenhurst, Reyburn, and Little, the adverse claimants of the funds in controversy.

The bill is a very elaborate statement of facts and circumstances supposed to be material to the plaintiff's case. The objects and prayer of the bill are the establishment of the claim of the plaintiff to the funds in controversy; the obtaining of an injunction both *pendente lite* and perpetual; the appointment of receivers of the fund; the discovery as to the origin and evidence of the adverse claims of the defendants, Reyburn and Little, to the funds in question, and for general relief. But, while the bill calls for answer, it is called for without oath, the oath being expressly waived.

The appellants appeared to the case and interposed a plea to the bill, of former adjudication in their favor, and against the right and title now set up by the present bill;—said adjudication being in respect to the identical subject-matter now claimed. It appears from the pleadings of the defendants that the present is simply a new suit, instituted by the complainant, asserting his claim anew to the funds in question, after the final disposition of the case of *Wagenhurst* v. *Wineland,* 20 App. D. C. 85, though there is no mention of or reference to that case whatever in the present bill. Of course, the bill being a new suit, asserting title to the funds, and making no reference whatever to that case, the charges of fraud and collusion made in the present bill, in regard to the purchase and assignment of the claims to the funds by the appellants, are not to be construed as intended, or made for the purpose, of impeaching the decree that was made in the former case, and which is the subject of the plea in this case. If, therefore, there has been a definite final decree passed in that case, adjudicating the rights of the parties in respect to the funds in controversy, then the question of fraud or collusion is not open to inquiry in the present case.

The appellants pleaded to the bill, and they averred and set forth the former case, and proceedings therein, both in the court of original jurisdiction and in this court on appeal, and the decree of dismissal that was finally passed by the supreme court of the District upon receipt of the mandate of this court; the plea being to the entire bill and to all the relief therein prayed. In their affidavits, however, to the plea, the defendants omitted to state that the plea was not interposed for delay, as was required by equity rule 28 of the court. That rule provides that every plea shall be supported by the affidavit of the defendant that it is not interposed for delay, and that it is true in fact. Within two weeks after the plea was filed, there was a motion entered by the plaintiff, that the bill be taken *pro confesso* as against the defendants, Wagenhurst, Reyburn, and Little, for default in pleading to the bill in conformity to the rules of court. This motion, however, was overruled by the court, and leave was given the defendants to amend. The affidavits of two of the defendants were amended and made to conform in terms to the rule of court, and were filed on August 15, 1902. Within a few days thereafter there was another motion by the plaintiff that the bill be taken *pro confesso* against the three defendants pleading to the bill, for what was stated in the motion as their continued failure to plead to or answer the bill in conformity with the rules and practice of the court, notwithstanding the papers filed under the order of August 13, 1902. This motion was also overruled by the court. The plaintiff then set the plea down for argument, both as to form and substance, as provided by rule 30 of the court. Before argument had of the plea, the other defendant amended his affidavit to the plea, to make it conform to the rule; and after argument had on the sufficiency of the plea, the court by order of the 15th of January, 1903, overruled the plea, with costs to the plaintiff, and ordered that the defendants, and each of them, should answer the bill within ten days from the date of the order.

The three defendants thus ordered to answer, on January 23, 1903, put in their joint and separate answer to the bill. And after admitting to be true the allegations of paragraphs 1 and 2

of the bill, they proceeded, as to all allegations in each and every of the remaining paragraphs in said bill, to set up and aver substantially the same matters and facts that were set up and contained in the plea that had been overruled. In the answer, as in the plea, the defendants refer to and pray that the record of proceedings in the former case be taken and considered as part of the answer, and they file as an exhibit a copy of the decree of dismissal of the former suit, though not of the record of that suit. There was no record evidence, therefore, exhibited with and made part of the answer, to show what was the subject-matter of the former bill, and that such subject-matter was identical with the subject-matter of the present bill.

The answer was excepted to on various grounds: 1st. That it was insufficient, in that the defendants had not answered fully, nor at all, the material allegations and charges of the bill made in paragraphs 3 to 40, inclusive. 2. That, saving paragraphs 1 and 2, of the bill, the matters in bar alleged were insufficient, in that the defense therein set up as a bar, and claimed as such, was insufficient and not supported by proper averments and exhibits, nor by a proper answer. 3. That the matters and things set forth in the answer were not responsive but irrelevant to said bill, and form no sufficient defense to the case for relief made thereby; and especially so, as the defense is predicated exclusively of the records and proceedings and exhibits referred to in said answer, yet the said exhibit is no part of the answer, and can not be considered, because it was not filed with the answer, but thereafter and without any leave of the court, as will more fully appear by reference to the record and proceedings herein; and the said record and proceedings have neither been filed nor exhibited with the answer.

There were many other motions and counter motions and affidavits filed, all of which rather tended to produce confusion and involve the case in a net of technicalities, than to advance the case to a fair hearing.

Upon the hearing of the exceptions to the answer, the court sustained the exceptions, with costs, and ruled the answer insufficient; and thereupon ordered that a sufficient answer to the bill

be filed within ten days thereafter; it being understood, as stated
in the order, that, upon exceptions that might be filed to the new
answer required, the court would be at liberty to entertain argu-
ments on the part of the defendants, except as to such exceptions
as might be addressed to the want of observance of the require-
ments of the 54th equity rule; that rule requiring the answer to
be divided into paragraphs in the same manner as the bill, each
paragraph to correspond with the paragraph in the bill of the
same number;—a thing rather difficult in an answer such as was
filed in this case.

The proceedings would strongly indicate a purpose on the part
of the plaintiff to evade and keep out of view the record and de-
cree in the former suit; and hence the persistence in the effort to
have the bill in this case taken *pro confesso,* and thus conclude
and cut off the defendants from their defense of former adjudi-
cation.

A few days after the exceptions to the answer had been sus-
tained, an order taking the bill *pro confesso* was obtained as
against Roberts, the treasurer, and a few days thereafter an or-
der was entered taking the bill *pro confesso* as against the three
defendants who had been required to put in a new answer, but
who had declined to do so, and notified their purpose to stand
upon the defense that they had made of record.

Whereupon, on the 7th day of April, 1903, a decree was en-
tered in favor of the plaintiff, sustaining the claim set up in the
bill to the full extent as therein made; that decree being found-
ed entirely upon the orders to which we have referred, taking
the bill as confessed,—the plea and answer having been ruled
out of the case, upon technical objections thereto.

In the preamble to the decree, it is recited that, it appearing
to the court that an order was passed, March 23, 1903, taking
the bill *pro confesso* against the defendant Roberts; also, that
another order was passed April 3, 1903, taking the bill *pro con-
fesso* as against the respondents, Wagenhurst, Reyburn, and Lit-
tle, and that said orders still remain in force; and that respond-
ent Moore duly waived process and appeared to the cause, and
consented to any decree which the court might think proper to

pass for the purpose of establishing the plaintiff's ownership of the retained moneys involved in this suit, and to enable the plaintiff to collect and receive the same; thereupon, after full consideration of the entire record and proceedings therein, it was ordered and adjudged that said orders *pro confesso* be and the same are confirmed and made absolute;—and then follows the decree declaring the rights of the plaintiff to the subject-matter of the suit, and awarding an injunction as prayed, with costs to the plaintiff. It is from this decree that the present appeal has been taken.

If the matters of record alleged in the plea and answer be established, and the subject-matter of the former suit and that of the present be identical as alleged, and as between the same parties, and therefore constitute a bar to the relief claimed by the plaintiff in this case, it follows from what has occurred, and the final decree passed in this case, that the merits and justice of the case have not been reached, and have not been passed upon in the making of the decree appealed from. The question then is, Has there been any such error in the proceedings upon which the decree is based, as will justify a court of review in reversing the decree, and opening the case, to let in a valid defense that may be shown? Upon examination, we think there was error in the proceedings which we have recited.

It is a well settled principle, that a decree or order dismissing a former bill for the same matter, may be pleaded in bar to a new bill, if the dismissal was upon the hear.ng, and was not in terms directed to be without prejudice. An order of dismissal, however, will constitute a bar only, where the court has determined that the plaintiff had no title to the relief sought by his former bill; and, therefore, an order dismissing a bill for want of prosecution, or the want of proper parties, will not be a bar to another bill for the same subject-matter. To constitute a bar to the relief sought by the new bill, the decree of dismissal of the former bill must be conclusive upon the rights of the plaintiff in that former bill, or of those under whom he claims. Mitford, Ch. Pl. & Pr. 238–240; Story, Eq. Pl. § 793; *Young* v. *Black,* 7 Cranch, 567, 3 L. ed. 441; *Cromwell* v. *Sac County,* 94 U. S.

351, 24 L. ed. 195; *Southern P. R. Co.* v. *United States,* 168 U. S. 1, 42 L. ed. 355, 18 Sup. Ct. Rep. 18; *Root* v. *Woolworth,* 150 U. S. 401, 37 L. ed. 1123, 14 Sup. Ct. Rep. 136.

In this case, if the matters set forth in either the plea or answer be established, they would seem to constitute a complete bar to the relief sought in the present case, and the defendants ought to have the benefit of the defense, unless they have, in some way, forfeited the right to make and insist upon it. They ought not, by any mere technical objection that could be removed by amendment, to be deprived of the benefit of the defense thus brought within the view of the court. While both plea and answer were adjudged to be insufficient, neither of them was removed from the files of the court, but both were allowed to remain in the cause; and for any defect therein they ought to have been amended so as to be available to the parties pleading them. The plea may have been superseded by the subsequent filing of the answer; but while the answer remained in the cause, the court was not justified in taking the bill *pro confesso,* and in proceeding to final decree, regardless of the efforts of the defendants to get their defense before the court. *Hovey* v. *Elliott,* 167 U. S. 409, 413, 414, 42 L. ed. 215, 220, 17 Sup. Ct. Rep. 841.

The attempt to obtain the benefit of the defense by plea was certainly a very proper and, perhaps, the most appropriate way of making the defense in this case available. For whatever shows that there is no right which can be made the foundation of a suit or decree therein for the plaintiff may constitute the subject of a plea. And, unlike a demurrer, one of its main objects is to bring upon the record such new matter as has not been shown or relied on by the plaintiff, as will preclude him from the discovery as well as the relief that may be sought by the bill. The plea demands the judgment of the court in the first instance, whether the special matter urged by it does or not debar the plaintiff from the title to the answer that the bill requires to be made. If the plaintiff conceives the plea to be defective in point of form or substance, he may take the judgment of the court upon its sufficiency; and so may the defendant interposing the plea, and thus have its sufficiency determined before proceed-

ing further with the defense. Mitford, Ch. Pl. & Pr. 353; *Roche* v. *Morgell,* 2 Sch. & Lef. 725 ; *Salmon* v. *Clagett,* 3 Bland. Ch. 135, 148. One of the great benefits of a plea is that it intercepts, in an early stage, a cause which must ultimately end in nothing if the plea be adjudged good and sufficient. It is, therefore, of great importance, in most cases, that a defendant should not, by any slip or mistake, lose the benefit of his plea, or allow himself to be deprived of it, by any mere technical nicety. For these reasons he may be allowed to amend the plea, so as to make it as effectual as the nature of the case will allow. *Salmon* v. *Clagett,* 3 Bland. Ch. 148; 2 Dan. Ch. Pl. & Pr. 804, 805.

In this case the plea was set down by the plaintiff for argument, as to its sufficiency in form or substance, and it was, after argument, adjudged to be insufficient, and the defendants were required to answer; though the ground of the decision is not stated. The effect of this ruling of the court was that the defendants should forego the right to plead, and the order imposed upon them the duty and necessity of making their defense by answer. The order, however, could not dispense with the settled rules of chancery pleading and practice, and therefore it was the right of the defendants to either interpose a new defense, or the same defense in another form. This they could do either by plea, or by answer, which they were required to make within ten days. And having submitted to answer, the latter superseded the plea, as the same defense could not be made by both plea and answer at the same time. But the plea having been overruled as insufficient, the same matter set up by it could be advanced and relied upon in the answer, and be available to the defendants at the hearing. *Salmon* v. *Clagett,* 3 Bland Ch. 149; *Suffolk* v. *Green,* 1 Atk. 450; *Brownsword* v. *Edwards,* 2 Ves. Sr. 246; *Baker* v. *Mellish,* 11 Ves. Jr. 68; *Goodrich* v. *Pendleton,* 4 John Ch. 549. And so by rule 34 of the court below, it is provided that "the defendant may, in all cases, insist by answer upon all matters of defense in bar of or to the merits of the bill, of which he may avail himself by a plea in bar; and in such answer he shall not be compellable to answer *any other matters than such as he would be compellable to answer and discover upon fil-*

*ing a plea in bar* and answer in support of such plea, touching the matters set forth in the bill, *to avoid or repel the bar or defense."* The subject-matter of the plea in bar in this case being the decree of dismissal in the former suit for the same subject-matter as in the present case, the matter is of record, and there being no attempt to impeach that decree for fraud, there could be no answer required to support the plea—the record speaking for itself, and its construction and effect being matter of law; and therefore the answer, taking the place and serving the office of the plea, is not required to set forth other matter than the record and decree thereon, which constitute the bar; and no other facts are required to be alleged to repel the bar created by the decree of record. For construction of rule similar to rule 34 of the court below, see cases of *Gaines* v. *Agnelly,* 1 Woods, 238, Fed. Cas. No. 5,173, and *Samples* v. *Bank,* 1 Woods, 523, Fed. Cas. No. 12,278. In the latter case it was said by the court: "To that part of the bill which alleges an assignment of the assets of the bank, and calls upon the assignee to account for the trust funds, the defendants set up in their answer the decree of the superior court of Richmond county, which is also mentioned in the bill, distributing the funds of the bank and discharging the assignee. There are no sufficient averments of fraud or collusion in the bill to render the decree void. * * * The setting up of the decree in the answer excuses defendants from further answer to that part of the bill to which the averments relative to the decree apply. The answer appears to us to be a complete defense to the case made by the bill." And so, in this case, the bill not charging anything in avoidance of the former decree, there was no necessity to allege any other facts in the answer than the record and decree of the former suit as a complete defense to the present bill. *Carroll* v. *Waring,* 3 Gill & J. 495, 503; —— v. *Davies,* 19 Ves. Jr. 80–82; Mitford, Ch. Pl. & Pr. 239.

But, as we have seen, there were exceptions to the answer, and those exceptions were sustained, and the answer held to be insufficient. Why it was so held is not disclosed by anything apparent in the record as the reason upon which the court acted,

unless it was that the answer was not divided into paragraphs as required by rule 54, heretofore referred to. But such a requirement was an impracticable thing in an answer of the nature of the one here in question, to such a bill as we have in this case— the answer consisting of the former bill and decree thereon, to a narrative and discursive bill consisting of forty paragraphs, many of which are of more than ordinary length and complexity; and if the defense set up in the answer be supported by the record, the matters and things of this much extended bill would become wholly immaterial. It is not good pleading to encumber the record with allegations of more matter, and especially of mere matters of evidence, than is necessary to raise the questions that may be actually involved for decision; and hence there could be no reason for requiring defendants to make long responsive answers to the details of a very long bill of complaint, simply to conform to the provision of a rule of court, if the defendants have a decisive defense, consisting of a few facts, either of record or otherwise, that apply to and constitute a bar to the entire bill. Such is the nature of a plea or answer of a former adjudication of the subject-matter involved; and we do not suppose that the rule of court was ever intended to apply to such a case.

But the exceptions to the answer having been sustained, we must determine whether there was anything in them that was sustainable. There is but one ground among the exceptions taken to the answer, so far as we can perceive, that has any validity in it, and that is, that the answer is not supported by a verified copy of the record and final decree of the former case, exhibited as part of the answer. This would seem to be necessary, in order to make the record complete in this case. In the case of *Bank of United States* v. *Beverly,* 1 How. 134, 11 L. ed. 75 (a case from this District), it was held that the omission to exhibit the record as a part of the answer was more than a mere formal objection; that it affected the validity and sufficiency of the answer. In that case "the answer set up the dismission of a bill filed by the complainants in 1827, against the defendants, for the same relief as is prayed for in the present bill [then un-

der review], as a bar thereto; but no record of such case is set out or exhibited, so that, however true the answer may be in fact, it could not avail in law. In this respect [said the court] it is not responsive to the bill; it sets up distinct affirmative matter of defense in bar, which the defendants must prove, or it can have no effect for either purpose." This is especially important in order to complete the record, with a view to the right of either party to take the case to a higher court for review. The answer should be perfect in itself, so that if the case be set down for argument on bill and answer, all the matters of defense may be properly before the court in the one record. This defect, however, is one that can be easily corrected by amendment, and should not be allowed to avail here to exclude the rights of the defendants from the benefit of their defense.

In the case of *Wiggins Ferry Co.* v. *Ohio & M. R. Co.* 142 U. S. 396, 413, 35 L. ed. 1055, 1061, 12 Sup. Ct. Rep. 188, it was held by the Supreme Court, that where the facts showed that the plaintiff had an equitable title to relief, but that court, on the state of pleadings before it, was unable to afford relief, it could and would remand the case to the court below for amendment of pleadings and further proceedings, in order that the right might be availed of. And this principle equally applies in the case where it is shown by the facts in the record that the defendants have a good ground of defense to the bill of the plaintiff, but because of some supposed defect in the pleadings or proceedings the benefit of that defense has been denied to the defendants; and therefore this court, in order to effect the purpose of justice, will reverse the decree appealed from, and remand the cause that proper amendments may be made, and further proceedings had, in a manner not inconsistent with the foregoing opinion.

*Decree reversed and cause remanded.*