## DRESLIN v. PHILLIPS.

(Court of Appeals of District of Columbia. Submitted January 5, 1922. Decided March 6, 1922.)

### No. 3510.

Appeal and error ⟨⟩670(1)—Court's ruling, sustaining its record against affidavit to correct it, not disturbed.

When a court, supposed to have personal knowledge of the facts, sustains a recital in the record as against a recital in an affidavit in support of a petition to correct the record, its ruling will not be disturbed, since a record imports absolute verity, while an affidavit by a party does not.

Appeal from the Supreme Court of the District of Columbia.

Landlord and tenant proceeding by William S. Phillips against Edward M. Dreslin. Judgment for plaintiff in the Supreme Court, on appeal from the municipal court, and defendant appeals. Affirmed.

Raymond M. Hudson and Towson Price, both of Washington, D. C., for appellant.

F. H. Thompson and Thomas O. King, both of Washington, D. C., for appellee.

ROBB, Associate Justice. Appeal from a judgment for the plaintiff, appellee here, in the Supreme Court of the District in a landlord and tenant proceeding originating in the municipal court; the question here being whether it was error for the court below to deny appellant's petition to correct the record of the municipal court.

The record in the municipal court, as certified to the court below, shows that the judgment for plaintiff for possession was rendered on November 19, 1920, and that the appeal undertaking was filed on November 30, following, which was too late. After the appeal was filed in the court below, counsel for the plaintiff moved its dismissal. Thereupon the defendant's verified "petition to correct record" was filed. In that petition it is stated that the judgment actually was rendered on November 20, 1920, instead of November 19, and that the appeal therefore was perfected within the statutory period. Code, § 31. The court denying this petition, and granting plaintiff's motion to dismiss, the case was brought here.

It is familiar law that a record imports absolute verity, while an affidavit by a party does not, and hence that, when a court supposed to have personal knowledge of the facts sustains the recital in a record as against the recital in an affidavit, its ruling will not be disturbed on appeal. Johnson v. U. S., 38 App. D. C. 347, 225 U. S. 405, 32 Sup. Ct. 748, 56 L. Ed. 1142; Col. Heights Realty Co. v. Macfarland, 31 App. D. C. 112.

In Brown v. Fersinger and Garren, 43 Wash. Law Rep. 56, the municipal judge had filed in the court below an affidavit showing that a clerical mistake had been made by him in making up his record in the case, and the court, being of the view that, when a judgment of the municipal court is docketed in the Supreme Court, the force and ef-

fect of that judgment for all purposes is the same as one of its own under the provisions of section 29 of the Code, amended the judgment as it would have amended one of its own judgments. But, assuming the correctness of the court's view in that case, the decision does not sustain appellant's contention here. There the court below, in effect, did no more than permit the municipal court to correct its own judgment, while here the court below has followed the rule and accepted the record made by the municipal court.

Ecker v. First National Bank, 64 Md. 292, 1 Atl. 849, is not in point, for that case involved the power of the trial court to correct a clerical mistake in its own judgment after the term at which the judgment was entered.

We are clearly of the view that the court below was right, and therefore affirm the judgment, with costs.

Affirmed.