## KNABE v. TERRELL & LITTLE, Inc.

(Court of Appeals of District of Columbia. Submitted February 9, 1922. Decided April 3, 1922.)

### No. 3624.

Time ⬅10(9)—Half day preceding Christmas, on which municipal court was not open, not excluded from time to file bond.

Under Code, § 31, requiring a bond for appeal from a municipal court to be filed within six days, exclusive of Sundays and legal holidays, the day preceding Christmas is not to be excluded in computing the time, though the clerk's office was closed during the afternoon of that day, where the appellant did not attempt to file his bond thereafter until more than six days, exclusive of Sundays and legal holidays, after the entry of the judgment.

Appeal from the Municipal Court of the District of Columbia.

Landlord and tenant proceedings between E. J. Knabe and Terrell & Little, Inc. From a judgment dismissing an appeal from a judgment in the municipal court, Knabe appeals. Affirmed.

Raymond M. Hudson, of Washington, D. C., for appellant.

B. H. Warner, Jr., and Joseph Stein, both of Washington, D. C., for appellee.

ROBB, Associate Justice. Appeal from a judgment in the municipal court of the District, dismissing appellant's appeal from a judgment in the municipal court, in a landlord and tenant proceeding in which the appellant was defendant, for failure to perfect the appeal by filing a bond "within six days, exclusive of Sundays and legal holidays, after the entry of judgment." Code, § 31.

The appeal was entered in the municipal court on the 18th of December, 1920, and the bond was not filed until the 28th of that month. Appellant filed a petition in the court below, alleging that the municipal court, including the clerk's office, was closed on the afternoon of the day preceding Christmas, and that this half day should be excluded in counting the six days within which the appeal was required to be perfected.

Without stopping to inquire whether this addition to the municipal court record could be thus made (see Dreslin v. Phillips, —— App. D. C. ——, 279 Fed. 303, present term, or whether the exclusion of this time really would benefit appellant, we will determine whether the time should have been excluded. The Code excludes Sundays and legal holidays for the obvious reason that it is assumed that business will not be transacted on those days, and hence that one would be unable to procure sureties or to perfect his appeal on such days. Assuming that the municipal court was not in session on the afternoon preceding Christmas, appellant was in no way prejudiced, because that day was not a legal holiday, and he did not attempt to file his bond until the next Tuesday, which was more than six days, exclusive of Sundays and legal holidays, after the entry of judgment.

It follows that the judgment below was right, and must be affirmed, with costs.

Affirmed.