## SMITH et al. v. LAW et al.

(Court of Appeals of District of Columbia. Submitted November 4, 1925. Decided December 7, 1925.)

### No. 4234.

Judgment ⬤⇒693—Judgment in partition action held res judicata in subsequent suit to quiet title.

Where husband's interest in realty, conveyed to him and his wife as joint tenants, was sold under writ of fieri facias to one who obtained a partition sale of the property in suit against wife, held, in subsequent action by husband and wife against purchaser at partition sale and others to quiet title, decree in partition suit was res judicata of question whether plaintiffs had been seized with an estate by the entireties, such that the estate of neither was subject to execution or partition.

Appeal from the Supreme Court of the District of Columbia.

Suit by Ruth R. Smith and another against Henry T. Law and others. Decree for defendants, and plaintiffs appeal. Affirmed.

J. L. Tepper, of Washington, D. C., for appellants.

G. C. Gertman, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellants are husband and wife, and were plaintiffs below. They sought a decree in the lower court against the present appellees as defendants, to quiet title to certain real estate situate within the District of Columbia. In their bill of complaint they alleged that in January, 1922, they purchased the property in question, each contributing a part of the purchase price, and that a conveyance thereof was duly made to them "in fee simple, as joint tenants." They claimed that under this conveyance they held the property as tenants by the entirety, and accordingly that the estate of neither was subject to sale upon execution nor to partition. They alleged that nevertheless in February, 1923, the United States marshal of the District of Columbia, acting under the supposed authority of a writ of fieri facias issued under seal of the Supreme Court of the District, based upon a judgment rendered by that court against said Claude R. Smith alone, undertook to and did sell his undivided interest in said lands; that appellee Henry T. Law was the purchaser at said sale, and received a deed of conveyance from the marshal purporting to convey to him the undivided interest of Claude R. Smith in said realty, to all of which proceedings the plaintiffs then and there duly objected. They alleged, further, that in March, 1923, the purchaser, Henry T. Law, "acting on the erroneous supposition that he was a tenant in common" with said Ruth R. Smith in the realty, under the attempted sale and conveyance thereof to him, filed his bill in equity in the Supreme Court of the District against them for a partition of the property, "and in due course of time obtained a decree of this court for partition of said real estate," under which decree a sale thereof was made to the appellee Thomas A. Jameson Company, and a deed of conveyance was delivered to it. The plaintiffs contended that these proceedings were all absolutely void, and conveyed no title adverse to them, since they had held their title to said realty as tenants by the entirety, as aforesaid, and the same was not subject to partition. They prayed accordingly for a decree quieting their title against each and all of said parties.

The defendants filed a motion to dismiss the bill upon the claim, in part, that the issue sought to be raised therein was manifestly res judicata. The motion was sustained, the bill was dismissed, and the present appeal was taken.

We think the lower court was right. It appeared that the appellants were defendants in the partition case brought in the Supreme Court of the District by the purchaser, Henry T. Law, who claimed in the bill filed by him therein to be a tenant in common with said Ruth R. Smith in the premises, and who demanded partition thereof, and that partition was decreed accordingly and a sale of the premises made thereunder. The court possessed full jurisdiction to hear and determine the issue thus presented, and the defendants in the case then had their day in court to present whatever defenses they might have against the cause set out by the plaintiff in his bill. It is plain that the plaintiff's claim to title was chief among these, and the decree in favor of the plaintiff upon that issue is conclusive upon all matters directly involved therein, or such as could have been then adjudicated, and that the decree is not open to collateral attack by the parties. District of Columbia v. Brewer, 32 App. D. C. 388; Nalle v. Oyster, 36 App. D. C. 36, aff'd 230 U. S. 165, 33 S. Ct. 1043, 57 L. Ed. 1439; Carmody v. Simpson-Sullivan Co., 44 App. D. C. 39; Great Bear Spring Co., v. Bear Lithia Springs Co., 47 App. D. C. 434; Southern Pacific Railroad Co. v. United States, 168 U. S. 1, 18 S. Ct. 18, 42 L. Ed. 355.

The contention of the appellants properly amounts to no more than that the former decree upon the present issue was erroneous. Their remedy in that event was an appeal, which was not taken. They cannot now in a collateral case treat the former decree as absolutely null and void, while it still stands of record unappealed and unreversed.

The decree of the lower court is affirmed, with costs.