BLAINE R. BURCHETT *v.* STATE OF MARYLAND.
[No. 91, October Term, 1931.]

*Decided January 14th, 1932.*

The cause was submitted on briefs to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Edwin H. W. Harlan,* for the appellant.

*Wm. Preston Lane, Jr., Attorney General, G. C. A. Anderson, Assistant Attorney General,* and *Meyer H. Getz, State's Attorney for Harford County,* for the State.

URNER, J., delivered the opinion of the Court.

On the night of Saturday, April 12th, 1930, about 11 o'clock, the appellant was arrested on a warrant issued by a justice of the peace of Harford County, residing in Aberdeen, on a charge of reckless driving in violation of the Motor Vehicle Law of Maryland. He was at once taken before the justice and held in the Aberdeen lockup for a trial at 1 o'clock on the afternoon of the following day. The trial occurred at that time, and resulted in a conviction and the imposition of a fine of twenty-five dollars and costs. An appeal was taken two days later to the Circuit Court for Harford County. After a jury had been sworn for trial of the case in that court, the appellant orally "asked that the case be dismissed because the trial before the magistrate was held on Sunday." The request was refused, and the

trial proceeded. At the close of the State's testimony, the appellant filed a motion in writing that the proceedings in the case be quashed on the ground that the trial before the magistrate, having been held on Sunday, was a nullity. This motion was overruled, and testimony for the defense was then offered and concluded. The verdict was "guilty," and the judgment of the justice of the peace was affirmed. An appeal to this court was subsequently entered. A motion to dismiss that appeal has been filed by the State on the ground that the judgment of the circuit court was final.

The Motor Vehicle Law (Code, art. 56, sec. 204) provides: "In case any person shall be taken into custody because of a violation of any of the provisions of this sub-title, he shall forthwith be taken in the counties of this State before the nearest Justice of the Peace, committing Magistrate or Police Justice, or if in Baltimore City before the Justice of the Peace of the Traffic Court, and be entitled to an immediate hearing; and if such hearing cannot then be had, he shall be released from custody on giving bond or undertaking * * * conditioned for his appearance at the time and place set for the hearing of the charges preferred against him, or on giving his personal undertaking to appear as aforesaid secured by the deposit of a sum equal to the maximum amount prescribed as the fine for such offense. * * * In all complaints of the violation of any of the provisions of this sub-title, except as provided in section 206 hereof, the Justice of the Peace, committing Magistrate or Police Justice before whom the alleged offender is taken as aforesaid, shall have jurisdiction to hear and determine such complaint and impose the fine or sentence herein provided, but any person so convicted of any offense under this sub-title shall have the right to appeal from the judgment of such Justice of the Peace, committing Magistrate or Police Justice to the Criminal Court of Baltimore, if convicted in Baltimore City, or court of criminal jurisdiction of any county in which he may be so convicted, and such court on such appeal shall hear the case de novo, provided, however, that such appeal be taken within ten days from the date of judgment. * * *"

The jurisdiction of the justice of the peace in this case originated validly on a Saturday, when his warrant was issued, and the appellant was brought before him forthwith as the statute required. Under its terms the appellant was entitled to an immediate hearing, if then practicable; otherwise he was to be released, on giving the specified security, or held in default of bail, for his appearance at a later time appointed for his trial. The record does not show why an immediate hearing could not be had in this instance. Presumably sufficient reasons for a postponement existed, and it does not appear that the appellant demanded an immediate hearing, or made any objection to the trial being held on the following day. His first objection in regard to the time of the trial was made after a jury had been sworn in the trial of the case on his appeal to the circuit court. In overruling the motion to dismiss the case and quash the proceedings on the ground that the trial before the justice of the peace was held on Sunday, the court evidently acted upon the theory that it was then too late for the appellant to make such an objection.

No provision is made for appeal to this court in cases arising from violations of the Motor Vehicle Law. The judgment of the circuit court on appeal from a justice of the peace in such cases is therefore irreviewable on appeal to this court unless the justice and the circuit court were without jurisdiction over the subject-matter or the parties. *Hendrick v. State,* 115 Md. 552, 562, 81 A. 18; *New York Mining Co. v. Midland Co.,* 99 Md. 506, 512, 58 A. 217.

In *Rayner v. State,* 52 Md. 368, 375, it was said, in the opinion of the court, by Judge Alvey: "If the circuit court had power and jurisdiction, under the appeal taken, to revise and reverse the judgment of the justice, either for the want of jurisdiction in the justice or upon other grounds, it had right and jurisdiction to affirm the judgment of the justice, and that judgment of affirmance must be taken as final and conclusive, as the judgment of reversal would have been, if such judgment had been rendered. There is no pretence but that the case was properly before the circuit court on the appeal, and that it was regularly tried; but it is insisted that

the statutes under which the proceedings were taken are, in several of their. provisions, unconstitutional and void, and therefore there was no jurisdiction either of the justice or the circuit court to try and decide the case. But, whatever may be thought of the particular provisions of the statute supposed to be obnoxious to constitutional objections, and if the objections were conceded to be well taken, it does not follow that the right of appeal was not well and validly given, and that the circuit court would not have power and jurisdiction to hear and decide the case. It is true, the circuit court in hearing and adjudicating upon the appeal was not in the exercise of its ordinary common law jurisdiction, but was acting as a court of special limited jurisdiction, bound to observe and conform to the provisions of the statute, if, in its judgment, the statute was valid. Its judgment, however, rendered within the limits of the special jurisdiction conferred, is not only binding, but is final."

In *Judefind v. State,* 78 Md. 510, 513, 28 A. 405, 406, where one of the grounds of review urged in this court was that prosecution before the justice of the peace originated in a warrant issued and served on Sunday, it was said in the opinion by Judge Boyd that the circuit court "had the power and authority to entertain the appeal from the judgment of the justice on the question of jurisdiction, as well as on other grounds, and, the plaintiff in error having invoked and submitted himself to its jurisdiction, its judgment is final and conclusive."

It may be conceded that the judicial action of the justice of the peace in trying and deciding this case on Sunday was void. *Ecker v. First National Bank,* 64 Md. 292, 1 A. 849; *Blaney v. State,* 74 Md. 153, 21 A. 547. The qualified provision of the statute entitling the accused to an immediate hearing, if then feasible, could hardly be construed as intending to validate a trial on Sunday before a justice of the peace, especially when the quoted section, having a state-wide application, is considered in connection with the succeeding one, which provides that the justices of the peace, constituting the traffic court in Baltimore City, shall hold sessions "every

day except Sundays and holidays." But the nugatory trial of this case on Sunday did not nullify the jurisdiction which the justice of the peace had validly assumed. The effect of the appellate decision as to its nullity would not be to end the prosecution, but to leave the case in the same position as if there had been no trial. In order to be relieved of the consequences of the sentence actually imposed by the justice, it was necessary for the defendant to avail himself of the right of appeal which the statute conferred. That right having been exercised, the circuit court became vested with jurisdiction to try the case *de novo* and to decide all questions as to the validity of the judgment from which the defendant had appealed. As suggested by Judge Boyd in *Hendrick v. State, supra,* page 560 of 115 Md., 81 A. 18, 21, where the jurisdiction of a justice of the peace was disputed because of the supposed unconstitutionality of the statute under which he had proceeded, and which the circuit court held to be valid: "If that court had no right to decide the constitutionality of the statute, when raised on the appeal to it, what was to become of the case? No other tribunal was given authority to determine it. Surely it cannot be the law in this or any other state that, because the constitutionality of a statute is attacked, the court must then and there stop all proceedings and further consideration of it, and require the case to remain undetermined. But that is precisely what the contention of the petitioner, if sustained, would lead to. If the court had no jurisdiction to decide that the law was constitutional, where did it get the jurisdiction to do what the petitioner asked it to do—decide that it was not constitutional?"

In deciding that the appellant could not, after the jury had been sworn for the trial of his case on appeal, successfully make the jurisdictional objection then raised for the first time, the lower court determined a question which was within its finally appellate authority, and the motion to dismiss the appeal to this court must therefore be granted.

*Appeal dismissed, with costs.*