## MERGARDT v. COLONIAL–AMERICAN NAT. BANK OF ROANOKE et al.

No. 8543.

United States Court of Appeals
District of Columbia.

Argued Jan. 12, 1944.

Decided Feb. 14, 1944.

Mr. Leon M. Shinberg, of Washington, D. C., with whom Mr. Herman Miller, of Washington, D. C., was on the brief, for appellant.

Messrs. Ashby Williams and Hugh H. Obear, both of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

Prior to the present suit the following proceedings took place. In 1922 the Supreme Court of the District of Columbia (now the District Court) entered a final decree directing trustees to sell certain real estate, under the terms of a deed of trust which secured promissory notes then in default. The trustees failed to carry out the court's order to sell the property. Nineteen years later, in 1941, appellee Bank, the successor of the original note holder, filed an amended complaint in the old suit, asking for the appointment of a substitute trustee to sell the property in accordance with the 1922 decree. In the meantime the present appellant had succeeded to the interest of the original mortgagor. Accordingly he was made a defendant. The court entered a summary judgment for the Bank, appointed a substitute trustee and directed him to sell the property. No appeal was taken.

Appellant then filed the present suit to enjoin the sale. This appeal is from a summary judgment denying that injunction.

Appellant's contentions are (1) that by reason of laches on the part of the Bank the trial court had no jurisdiction as against appellant, in 1941 or 1942, to order a sale under the 1922 decree, and (2) that a substitute trustee cannot be appointed upon an amended complaint but must be appointed in accordance with statutory procedure.[1] But the present appellant expressly raised the question of laches, and expressly opposed the appointment of a substitute trustee, in the former suit. He was defeated on both issues. The doctrine of res judicata bars him from litigating them again.[2] His contention that laches goes to jurisdiction is without foundation.

Affirmed.

[1] D.C.Code, 1940, §§ 45—611, 45—614.
[2] Smith v. Law, 56 App.D.C. 86, 10 F. 2d 651; cf. Brown v. Brown, 74 App. D.C. 309, 122 F.2d 219; Restatement, Judgments (1942) §§ 46, 70.