**SCHOLL et al. v. TIBBS.**

No. 163.

Municipal Court of Appeals for the
District of Columbia.

Feb. 28, 1944.

Jack Politz, of Washington, D. C., for
appellants.

Benjamin L. Tepper, of Washington, D.
C. (Arthur G. Lambert, of Washington, D.
C., on the brief), for appellee.

Before RICHARDSON, Chief Judge,
and CAYTON and HOOD, Associate
Judges.

CAYTON, Associate Judge.

Plaintiff, Walter Scholl, appellant here,
sued for possession of dwelling property on
the ground that he wished possession there-
of for his own immediate and personal use,
as authorized by the Emergency Rent Act,[1]

---

[1] Code 1940, 45—1601 et seq.

Section 5(b) (2). Judgment was entered against him on the ground that the matter had been decided against him in an earlier landlord and tenant action heard by another judge of the same court. He appeals from the second judgment.

From the record we find that the earlier case had been filed by the same plaintiff, Walter Scholl, through the same attorney, against the same defendant for possession of the same property on the same grounds as stated in this suit; that there was a hearing at which defendant made a verbal motion to dismiss; that the judge called for briefs on the question of whether the Landlord and Tenant Court had jurisdiction and whether the landlord and tenant relationship existed between plaintiff and defendant; that no testimony was taken at that trial; that the trial judge ordered a general finding for defendant; that this was followed by a motion for a new trial which was overruled and judgment entered; that no appeal from said judgment was taken and it stands of record, unmodified and in full force and effect; and that more than two months later this suit was filed below.

At the trial of the second suit, defendant filed a motion to dismiss on the ground of res judicata. Reserving decision on the motion, the trial court took testimony. We recite such parts of the testimony as are important on this appeal.

The property is owned jointly by plaintiff and his wife and had been leased to defendant late in 1941 by L. V. Thacker, a real estate agent acting for said wife. Plaintiff's wife had obtained a divorce from him in Florida which he refused to recognize as valid. He now has a divorce suit pending against her in this jurisdiction, in which title to the property is in dispute.

 We hold the trial judge was correct in ruling that the second suit was barred by the adjudication in the prior action. In so deciding, we are merely repeating that which has been said by virtually every court in the land many hundreds of times. The phrases employed have varied, but the concept has remained fixed and constant. It is: "* * * that

a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies * * *." Hines v. Welch, 57 App.D.C. 371, 376, 23 F.2d 979, 984, quoting from Southern Pac. Railroad Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355. See also Smith v. Law, 56 App.D.C. 86, 10 F.2d 651; Geracy, Inc., v. Hoover, 77 U.S.App.D.C. 55, 133 F.2d 25; and Mergardt v. Colonial-American Nat. Bank, App.D.C., 140 F.2d 701, decided February 14, 1944.

We need not discuss the ramifications of the rule or the many exceptions to its operation, since none of them apply here. Instead we will dispose of the contentions of appellant as they were presented on this appeal.

 Appellant insists that the judge who sat at the first hearing should not have entered a "trial finding" because no testimony was taken at the hearing. He does not contend that the first judgment was a nullity. If it were, a different ruling would result. Shepherd v. Pepper, 133 U.S. 626, 10 S.Ct. 438, 33 L.Ed. 706. He says that the ruling made or the form of entry ordered was erroneous; but this does not prevent the operation of the rule of res judicata. See Clegg v. United States, 10 Cir., 112 F.2d 886, where it was held that though the judgment was erroneous, and the court was mistaken as to the facts, or misconceived the law, or disregarded public policy, it would still bar a second action. Moreover, it seems plain that the judge in the first case was hearing the question as to whether the plaintiff had a right to maintain the action, and decided that he had not. Whether he translated that decision into a finding or into an order of dismissal is not of great moment in this situation, for the result on the second trial and on this appeal would necessarily be the same.[2] The first adjudication was adverse to the plaintiff on the merits.[3] The form of the minute entry is not always controlling in testing the applicability of the doctrine of res judicata. The test is whether any feature of the case was reserved or left open for future decision. The first case was de-

---

[2] Baker v. Cummings, 181 U.S. 117, 21 S.Ct. 578, 45 L.Ed. 776; Wagenhurst v. Wineland, 22 App.D.C. 356.

[3] Cf. Clegg v. United States, supra.

354

cided not upon mere preliminary or technical issues. The judgment followed a judicial consideration and determination of the basic controversy, namely, whether plaintiff was entitled to maintain a possessory action against defendant. It was therefore conclusive to the same extent as if rendered after a formal trial.

■ Furthermore, we feel bound by the rule that the record imports absolute verity. Under that rule the judgment would not have been disturbed upon the showing made if attacked directly. Dreslin v. Phillips, 51 App.D.C. 324, 279 F. 303. There is even less basis for disturbing it on the kind of collateral attack we find here.

■ Appellant does not say that the trial court had no jurisdiction to hear the first case—in fact he submitted to that jurisdiction. His claim is not that there was a usurpation of power, but an erroneous exercise of the power. On that point the Supreme Court has said: "The line which separates error in judgment from the usurpation of power is very definite, and is precisely that which denotes the cases where a judgment or decree is reversible only by an appellate court, or may be declared a nullity collaterally, when it is offered in evidence in an action concerning the matter adjudicated, or purporting to have been so. In the one case, it is a record importing absolute verity; in the other, mere waste paper * * *." Voorhees v. Jackson, 10 Pet. 449, 474, 9 L.Ed. 490.

And in the much later case of Chandler v. Peketz, 297 U.S. 609, 56 S.Ct. 602, 80 L. Ed. 881, the same court held that mere errors or procedural irregularities afford no warrant for a collateral attack upon a judgment.

We think it significant that in his motion for a new trial plaintiff did not assign the claimed irregularity of the entry as a basis for reopening the case or for having the minute entry modified or corrected to show other than it did, namely, a general finding for the defendant. Nor did he exercise his right of appeal, but permitted the judgment to remain on the record in all its original force and effect.

■ When his second case came on for trial, appellant offered proof that no testimony had been taken at the hearing of the prior suit, but we think that is not the controlling test. Decisions may be, and often are, based upon conceded facts; of such there were several in the brief appellant tendered to the trial judge in the first case.

■ Seeking for points of difference between the two cases, appellant points out that the agent, Thacker, was not a party to the first case but was named with him as party plaintiff in this case. But Thacker swore that he had never given authority to anyone to join him as such party. Under the circumstances, we agree with the statement of the trial judge in his memorandum that "the only real plaintiff is the same," namely, Walter Scholl, and that: "* * * in order to avoid the rule of res judicata that the parties must be the same in the two actions, a party to the first action may not simply add someone else's name without such party's knowledge or consent. Such a practice would make a mockery of the rule of res judicata."

■ There is even less merit in appellant's contention that res judicata does not apply because in the complaint in the first case he described defendant as a tenant at will and in the second as a monthly tenant. The contention loses all force when we examine the brief he filed in the first case and find that he there described the defendant as a monthly tenant, just as he did in this case.

We express no opinion as to the litigation between plaintiff and his wife now pending in the District Court and which may result in clarifying their conflicting claims to the property here involved. We limit our decision to the claim of appellant against the tenant in possession, in the circumstances presented to the trial judge at the time of the second suit. Having been defeated in the first case, and being unable to show anything to overcome the defense of res judicata, he had no right to have it litigated anew before another judge.

Affirmed.