## MOREY v. WELLFORD.

## UNITED STATES FIDELITY & GUARAN-
### TY CO. v. SAME.

### Nos. 8554, 8555.

United States Court of Appeals
District of Columbia.

Argued Jan. 12, 1944.

Decided March 13, 1944.

Mr. Rudolph B. Behrend, of Washington, D. C., with whom Mr. Levi H. David, of Washington, D. C., was on the brief, for appellant Mary B. Morey.

Mr. Louis M. Denit, of Washington, D. C., with whom Messrs. Thomas S. Jackson and A. Leckie Cox, of Washington, D. C., were on the brief, for appellant United States Fidelity & Guaranty Co.

Mr. John D. Sadler, of Washington, D. C., with whom Mr. Richard E. Wellford, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

These are appeals from a summary judgment. Ellwood P. Morey was formerly receiver of Arnold & Company, the maker of two collateral trust agreements both of which were in default. After Morey's death his executrix filed his final account and the District Court's auditor filed a report in which he "stated" the account. On July 2, 1942, the District Court confirmed the auditor's report, except that the court disallowed, to the extent of $750, fees which the receiver had paid to himself and his attorney and which the auditor had approved. Appellee, as substitute receiver of Arnold & Company, was a party

to those proceedings. No appeal was taken.

Appellee afterwards filed the present motion for summary judgment for $4,714.42 against appellant Mary B. Morey, as executrix of the former receiver, and against appellant United States Fidelity & Guaranty Company as surety on his bond. Appellee alleged that the auditor had found a "cash deficit" of $3,964.42 to be "due on the account of the former receiver." That sum, together with the disallowed fees of $750, made up the $4,714.42 which appellee claimed. The answers of appellants denied that the auditor or the court had found that $3,964.42 or any other sum was due from the former receiver, and denied that any sum was in fact due. Appellant surety did not deny that fees of $750 had been paid and disallowed, but attacked the validity of the disallowance. The District Court gave summary judgment against appellants for appellee's entire claim, $4,714.42. This appeal followed.

Since no appeal was taken from the order of July 2, 1942, it is binding as res judicata.[1] The summary judgment is therefore correct so far as it relates to the item of $750. It is correct with respect to the item of $3,964.42 if, but only if, the auditor's report which the order of July 2 confirmed shows that the former receiver owed that amount to the receivership.

Although the auditor used, in respect to one of the two trusts in the receiver's hands, the term "cash deficit," we think he did not use that term in a sense which implied that the former receiver owed money to the receivership. The auditor found that the former receiver had expended on behalf of the "A" trust more than he had received on behalf of that trust. In respect to that trust, according-ly, the sums with which the auditor credited the former receiver exceeded the sums with which the auditor charged him. Analysis of the auditor's report shows that $3,964.42, which he labeled "cash deficit", is merely the amount of this difference.[2] It does not appear that there was a "deficit" in respect to the A trust in any other sense than this, that the former receiver had paid out, on account of that trust, $3,964.42 more than he had taken in on its account. This does not mean that he owed $3,964.42 to the receivership. If the A trust were considered alone, it would seem to mean just the opposite; that the receivership owed that amount to the former receiver.

However, it appears from the auditor's report as a whole that this $3,964.42, instead of being owed by the receivership to the former receiver, was owed by the A trust to the B trust. The auditor found that, in respect to the B trust, the former receiver took in $6,871.10 more than he paid out. Of this balance of $6,871.10, $2,732.63 was turned over to the appellee, as substitute receiver, in cash and $180 in another form. The remainder of the $6,871.10 "balance" in the B account, $3,958.47, is practically identical with the "deficit" of $3,964.42 in the A account. The auditor stated that this remainder of the funds of the B trust ($3,958.47) was "expended by the former receiver in the administration of the Series 'A' Trust."[3] For practical purposes, as far as appears, the "deficit" in the one trust and the "balance" in the other were mere matters of bookkeeping. The former receiver may have acted without proper authorization in mingling, to some extent, the funds of the two related trusts which he was administering. But it does not yet appear that his acts subjected him to any liability, for it does not yet appear that they subjected either trust to any loss.

[1] Smith v. Law, 56 App.D.C. 86, 10 F. 2d 651.

[2] Payments credited to the former receiver as chargeable solely to the A trust totaled $10,144.16. In addition the auditor credited the receiver, in respect to the A trust, with two-fifths of certain payments made by the receiver which were chargeable in part to the A trust and in part to the larger B trust. This credit amounted to $2,062.32. The sum of $10,144.16 and $2,062.32 is $12,206.-48. Sums realized by the receiver, and accordingly charged to him, in connection with the A trust totaled $8,242.06. The "cash deficit" of $3,964.42 is the difference between $12,206.48 and $8,242.06.

[3] He also stated that the "deficit" of $3,964.42 in the A trust was "created by the former receiver in the expectation that the sale of the Series 'A' Trust assets would provide sufficient cash to enable him to reimburse to the Series 'B' Trust the sums belonging to it."

Even if the amount which may be due from the A trust to the B trust were a personal obligation of the former receiver, which it will not be if the A trust can pay it, the summary judgment would be premature; for the auditor's report states that "the amount due from the Series 'A' Trust to the Series 'B' Trust cannot be ascertained until the account of the present receiver has been stated." That account had not been filed at the time of the auditor's report, and had not been stated at the time of the summary judgment. We think the District Court should proceed to have balances struck and the receivership wound up, and to enter such orders as appear proper in the light of what may then be shown. Costs of all parties should be borne by the receivership.

Affirmed in part.

Reversed in part.