## UNITED STATES FIDELITY & GUARANTY CO. v. WELLFORD.
## MOREY v. SAME.

Nos. 9201, 9202.

United States Court of Appeals District of Columbia.

Argued May 29, 1946.

Decided June 28, 1946.

Mr. Thomas S. Jackson, of Washington, D. C., with whom Messrs. Louis M. Denit, A. Leckie Cox and Coleman L. Diamond, all of Washington, D. C., were on the brief, for appellant, United States Fidelity and Guaranty Company.

Mr. Rudolph B. Behrend, of Washington, D. C., with whom Mr. Levi H. David of Washington, D. C., was on the brief, for appellant, Morey.

Mr. Richard E. Wellford, of Washington, D. C., with whom Mr. John D. Sadler, of Washington, D. C., was on the brief, for appellee.

Before EDGERTON, CLARK and PRETTYMAN, Associate Judges.

CLARK, Associate Justice.

This is an appeal from a judgment of the District Court which fixed liability on the basis of the report of its auditor establishing the amount of shortage existing on the final accounting of two related trusts.

This is the second time these cases have been before this court. In cases No. 8554 and No. 8555, decided March 13, 1944,[1] it was determined that the trial court had prematurely set the amount of recovery because at the time of the summary judgment then under consideration, there had been no final accounting as between the two trusts involved. We at that time directed the District Court to "proceed to have balances struck and the receivership wound up, and to enter such orders as appear proper in the light of what may then be shown."[2]

When the previous appeals in this cause were heard all of the substantive and equitable arguments that are now urged by appellants were then placed before this court and, we think, determined adversely to them. The basic considerations urged at this time were, we think, correctly disposed of on the earlier hearing.[3]

Thus, we now have only to consider the current ratification by the trial court of the final report by its auditor. The auditor struck a final balance as between the two trusts which showed a net deficiency of $2,885.60. The auditor specifically reserved the question of liability for the court, and the court made that determination against appellants in the amount shown. We think the court correct in entering the order which it did on the basis of the auditor's final report.

Affirmed.

---

[1] Morey v. Wellford, 78 U.S.App.D.C. 387, 141 F.2d 282.

[2] Id., 78 U.S.App.D.C. at page 389, 141 F.2d at page 284.

[3] It is also to be noted that at the root of this litigation is a District Court confirmation, on July 2, 1942, of an auditor's report from which no appeal was taken. On the earlier appeal we said that this order was "binding as res judicata", and correct as to the amount of liability "if, but only if, the auditor's report which the order of July 2 confirmed shows that the former receiver owed that amount to the receivership."